THE PEOPLE v. THOMAS KENNEDY.

*Delay in sentence—Jury fees as costs.*

1. A fact set up in an affidavit that has been made part of the record is taken to be true on review if no issue has been raised on the affidavit.

2. The right to pronounce sentence, if once lost, is not revived by the request of the convict's counsel for farther delay to enable him to prepare a case for review.

3. A trial judge can suspend sentence for a reasonable time for a proper purpose, such as to enable defendant to move for a new trial or take exceptions to the Supreme Court, or to enable the judge to inform himself as to what sentence he ought to inflict.

4. Where a convict's bail has been extended from time to time by successive orders suspending sentence and directing him to appear at a stated time to receive it, his sureties are released if court should not be in session at such time, and the convict himself is under no farther obligation to present himself.

5. A prisoner on bail awaiting sentence is on the same footing, so far as imprisonment goes, as if he were in confinement without bail; and if his sentence is delayed from time to time without his request until the full period of imprisonment to which he could be sentenced has expired, the court then loses jurisdiction to pronounce it and he is entitled to his liberty.

6. The jurors' per diem in a criminal case cannot be added to the fine and costs.

Error to Genesee. (Newton, J.) Oct. 22.—Nov. 4.

Complaint for selling liquor to habitual drunkard. Respondent brings error. Reversed.

Attorney General *Moses Taggart* for the People. It is discretionary to postpone sentence a reasonable time after conviction: Bish. Cr. Pro. § 880; *People v. Reilly* 53 Mich. 262; *Weaver v. People* 33 Mich. 297.

*Lee & Aiken* for respondent.

Morse, C. J. The defendant was convicted before a justice of the peace of violating section 2 of Act No. 259 of the Session Laws of 1881, by selling intoxicating liquor to one Charles Neff, a person in the habit of getting intoxicated. The justice sentenced him to ten days' imprisonment in the county jail, and that he pay a fine of $25 and the costs of prosecution, assessed at $76.54, and in default of the payment of said fine and costs he should be further imprisoned, not exceeding ninety days in all. From this defendant appealed to the circuit court for Genesee county. Upon his trial there he was again convicted on the 28th day of November, 1883. On the 3d day of December following defendant was brought before the bar of the court for sen-

tence, at which time, on the motion of the court, sentence was deferred until the first day of the next term of court. On the 29th day of February, 1884, which was not on the first day of term, defendant was again brought into court, and the sentence deferred until March 10, 1884. There is no record of any court proceedings in March, but the affidavit of defendant, hereafter mentioned, shows there was no session on the 10th.

The next proceeding we find is May 26, 1884, when it appears from the journal entry of that date that on motion of the prosecuting attorney defendant was again brought before the court for sentence. His attorneys objected, alleging as their ground of exception that he should have been sentenced at the November term of 1883, and that he could not then be legally sentenced, which objection was overruled and the ruling excepted to by defendant's counsel. A desire being expressed by them to take the case to the Supreme Court, and a request made for a delay of sentence, it was again deferred until the first day of the next term, being August 18, 1884, and twenty days were given defendant in which to prepare and settle his bill of exceptions. It was also ordered that he enter into a recognizance in the sum of $500, with two sureties, to appear on the first day of next term and prosecute his bill of exceptions in the Supreme Court to effect. On the 18th day of August the defendant not appearing in court, and not having prepared or settled any bill of exceptions, on motion of the prosecuting attorney it was ordered that an attachment issue to bring him into court for sentence. The writ of attachment was issued on that day in accordance with said order, which was returned September 2, 1884, with the following indorsement:

"*State of Michigan, Genesee Co.*,—*ss.*: I do hereby return that after diligent search and inquiry I am unable to find the within-named Thomas Kennedy in my bailiwick.

EUGENE PARSELL, Sheriff."

Nothing further appears in the record until September 22, 1884, when an order was entered that sentence having been deferred until that term of court, and Kennedy not having

appeared, it was further deferred until the first day of the next term, and the court adjourned without day. The next step in this rather peculiar course of justice occurred on the 6th day of December, 1884, which was not the first day of term, when it was ordered by the court, after reciting the fact of conviction and other proceedings, " that said respondent appear on the first day of the next term of this court for sentence, and that sentence herein be, and the same is hereby, deferred until said time." Thereupon the court adjourned without day. The action of the court in relation to the defendant again slept until the 4th day of March, 1885, which was not the first day of term, when an order was made reciting that defendant had failed to appear according to the terms of the last order, and that attachment issue at once for the apprehension of said Kennedy, and that the sheriff "have him forthwith by his body before the court to receive that which shall then and there be enjoined upon him." The attachment was issued, and defendant brought into court by virtue of it the next day.

Defendant made a showing by affidavit setting forth that he was convicted in justice's court September 13, 1883, filed his appeal in the circuit October 8, 1883, and the subsequent proceedings until March 10, 1884; that on that day he appeared at the court-house in accordance with the order of February 29th, and was informed by the clerk that court was not in session, and thereupon went home. He did not voluntarily appear in court again until May 26, 1884, when he was present as a witness to testify in a civil cause. He objected to the jurisdiction of the court to pass sentence upon him, and prayed to be discharged. The court refused to discharge him from custody, and sentenced him to ten days in the county jail, and that he pay $25 fine and costs, amounting to $145.54. In default of payment of fine and costs at the end of the ten days, he was to be further confined until they were paid, the whole period of imprisonment not to exceed ninety days. In the items of costs as taxed against the defendant was $24 for twelve jurymen one day each.

No issue being raised upon the affidavit of defendant, and it being made a part of the record, it appears, therefore, that no court was held on the 10th day of March, 1884; that the defendant was there for sentence; and that no further notice was taken by the court of his case until May 26, 1884, when, being present as a witness, the court undertook to assume jurisdiction over him and to pass sentence. If the court had lost the right to sentence, the fact that his attorneys requested delay in passing it, when they had objected to his power to sentence, so as to make a case for review in this court, could not confer upon the circuit judge any new power to act in the premises.

It appears that until the 10th day of March, 1884, the defendant was held to appear for sentence under the recognizance he gave on appeal from justice's court. The orders made by the court, December 3, 1883, and February 29, 1884, both continued by express terms the recognizance then given. There is no doubt that the circuit court has power to defer sentence for a reasonable period for any proper purpose, such as allowing time for defendant to make a motion for new trial or take exceptions to the Supreme Court, or for the circuit judge to inform himself relative to the proper sentence to pass upon the defendant.

In this case the order of the court made on the 3d day of December, 1884, was reasonable and proper, and perhaps the circuit judge had the right and power during the next term, although he did not act upon the matter the first day thereof, to again defer sentence until the 10th day of March. But when the defendant appeared on that day in obedience to the order of February 29th, and found no court in session, his bondsmen were not only released, but we think the defendant was absolved from any further attendance upon the court. When he was convicted on the 28th day of November, 1883, if sentence had been at once imposed upon him, the utmost length of his imprisonment on account of not paying fine and costs, namely, ninety days, would have expired on or before the day the second order deferring sentence was made. If the defendant, for want of bail, had been in the county

jail, it is obvious that the circuit judge could not, upon his own motion, and without apparent reason, have deferred sentence until the 26th day of May, 1884, and then imposed upon defendant the full penalty of the law. The defendant, even after conviction, has some rights that a court is bound to respect, and is entitled to have his liberty as soon as the limit of the law, reasonably administered, will permit. The principle in this case is the same as if the defendant had been in confinement, as he was under bonds and in the custody of the court; and the deferring of sentence was not asked by him or his counsel. We think the court lost jurisdiction on the 10th of March, 1884, and that the sentence passed upon the defendant a year afterwards was null and void.

We wish, however, to call attention to the imposition of costs in this case. We know of no authority in the circuit courts to add the per diem of jurymen to the fine and costs in a case like this. It costs a litigant in a civil cause only three dollars for a jury trial, and certainly it would be monstrous to establish a practice of punishing persons convicted of misdemeanors for demanding what the Constitution of the State gives them—a trial by jury.

The judgment of the circuit court is reversed and the defendant must be discharged.

The other Justices concurred.