UNITED STATES v. MADIGAN.

(Second Division.   Nome.   June 30, 1906.)

No. 344.

1. Costs (§ 292*)—Criminal Cases—Jurors—Justice's Court.
   The costs of summoning jurors, and jurors' fees and mileage, are taxable against a convicted defendant, in justice's court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1092–1095; Dec. Dig. § 292.*]

Motion to retax costs.   The defendant in this case was charged before Lars Gunderson, commissioner for the Kougarok precinct, sitting as a justice's court, with a violation of section 67 of the Penal Code, in trespassing on lands in the possession of another.   Defendant demanded a jury trial, and was subsequently convicted by a jury of six in said justice's court.   He took an appeal to this court, which appeal was dismissed because of insufficiency of the notice of appeal, and judgment entered for the fine imposed in the justice's court and costs, which included fees, mileage, and costs of summoning seven jurors.

Henry M. Hoyt, U. S. Atty.

Jos. K. Wood, for defendant.

MOORE, District Judge.   We assume from sections 430 and 432, Code of Criminal Procedure, that "costs" are taxable against a convicted defendant in a criminal action before a commissioner, and the question before this court for decision, therefore, is whether or not costs of summoning jurors, and the jurors' fees and mileage, are taxable against a convicted defendant in such cases as "costs"?

Defendant contends that the Criminal Code contains no warrant for taxing jurors' fees against the defendant in any crim-

inal action, and refers to United States v. Shaughnessy, 156 Crim., decided by a former judge of this court June 21, 1902[1], in which it was so held. The only cases cited by the court in that case to sustain the decision are People v. Kennedy, 58 Mich. 372, 25 N. W. 318, and Stowell v. Jackson Co. Sup'rs, 57 Mich. 31, 23 N. W. 557.

People v. Kennedy was a case decided by the Supreme Court of Michigan. The opinion recites that "the defendant was convicted before a justice of the peace" of selling intoxicating liquor to an habitual drunkard. No mention at all is made of a jury trial before the justice. Defendant appealed to the circuit court of Genessee county, wherein he was tried and again convicted, and the same sentence as that of the justice imposed, except an increase in the amount of costs. "In the items of costs as taxed against the defendant was $24 for 12 jurymen one day each." In disposing of this feature of the case the court says:

"We wish, however, to call attention to the imposition of costs in this case. We know of no authority in the circuit courts to add the per diem of jurymen to the fine and costs in a case like this. It costs a litigant in a civil cause only $3 for a jury trial, and certainly it would be monstrous to establish a practice of punishing persons convicted of misdemeanors for demanding what the Constitution of the state gives them—a trial by jury."

The inference, from the recital of facts and reasoning quoted from the opinion, is that the jury fees were those for services in the circuit court, a court of general jurisdiction.

The case of Stowell v. Jackson Co. Supervisors, also by the Supreme Court of Michigan, was an application for a mandamus made by Stowell, a hotel keeper, to compel the supervisors of Jackson county to pay him the board and lodging of a jury serving in a murder case, and sequestered by order

[1] Unreported.

of the trial court. The mandamus was issued for the very good reasons assigned by the court.

These are the only cases called to our attention, and we know of none, wherein it is held that fees of trial jurors before a justice are not taxable against a defendant convicted in a criminal case. But it does not necessarily follow because jurors' fees cannot be taxed as costs in a court of general jurisdiction, that the same is true in a justice's court. On the contrary, there are reasons for the opposite view.

Statutory provision is made for the summoning of jurors for attendance upon this court to sit in the trial of any or all cases that may be at issue before it, similar to the law relating to jurors in any court of general jurisdiction. This court is established by the Congress, and the course of a trial in a criminal case in it—at least, the right of trial by jury in the constitutional sense—must not be infringed. Rassmussen v. United States, 197 U. S. 516, 25 Sup. Ct. 514, 49 L. Ed. 862. Created by the legislative branch of the government, it takes the place which local courts of general jurisdiction occupy in the states, and, like these courts, the fees of its jurors are paid by the sovereignty creating it.

But a justice's court in Alaska is one of limited jurisdiction, and designed to provide a safe and speedy tribunal for the trial of those causes, both civil and criminal, of less importance than those usually before this court. The justice's court is supposed to be more convenient, and at the same time it is made to approach very near in its procedure to that of the district court. To this end a defendant in certain criminal cases may, if he so demand, have a trial by a jury of twelve. It is a special privilege accorded him, and not a denial of a right. A special venire issues for the trial of that particular case, and not, as in a court of general jurisdiction, for the trial of other cases. The occasion for the summoning of such

a jury naturally suggests a different method of payment. The Code provides that not even is the jury fee required to be paid in advance in these criminal cases. Certainly the actual fees of the jurors would not have to be so paid.

In State v. Wright, 13 Mo. 243, it was held that a statute making a jury fee taxable against a defendant upon a trial in a court of general jurisdiction was not unconstitutional, because the forum and machinery were provided without the payment of the costs in advance. For a much greater reason, then, would the taxing of the jurors' costs against the defendant in this case not be in any sense a deprivation of the right of trial by jury. It must be borne in mind, also, that, following a previous practice in justices' courts in Alaska, the trial of this defendant was by a jury of six. If there was any denial of a constitutional right, it was in this; and it was no less a trial by jury in the constitutional sense just because these costs were subsequently taxed against the defendant. He chose to submit to a trial in the first instance by a jury, and, had he been acquitted, the government could not have appealed. If he did not wish to have the issue decided by a jury before the justice, he could have stood trial before the justice alone, and, in case of conviction, could have perfected an appeal, and have had in this court a trial by jury in the strictest sense. The whole procedure before the justice is special, and all costs therein are therefore taxable against a convicted defendant. The fees of the commissioner are included in these cases, yet such items would be open to the same objection as jurors' costs, since in a "trial by a constitutional jury" a judge presides without cost to a defendant, while the services of the commissioner are required to be paid for. Nor is the taxing of jurors' costs in this case an increase of the punishment fixed by the statute, for it provides for a fine of not less than $5 nor more than $50, and the

person convicted "shall be committed, in default of payment of the fine and costs imposed, one day for each two dollars of the said fine and costs."

We have held in the case of Johnston v. Sutherland, No. 1,255, Civil,[2] that jurors' fees in civil cases in justices' courts are taxable against the losing party; and, while in criminal causes such fees should never be required in advance of trial, yet we know of no reason why they should not in like manner be taxed against the defendant in a criminal action upon conviction.

The difference we have endeavored to show between a court of general jurisdiction and a justice's court makes it obvious why we do not regard People v. Kennedy and Stowell v. Jackson Co. Sup'rs as decisive of the point before us. Perhaps had there been a statutory authorization for the taxing of such costs, it would have been held valid by the Supreme Court of Michigan, for the very reason upon which the jury fee was declared a proper item in State v. Wright, 13 Mo. 243.

Sections 756–759, Code of Civil Procedure, quoted by the court in United States v. Shaughnessy, supra, to sustain the decision in that case, do not, in our judgment settle the question raised here. These sections have been considered by us in Johnston v. Sutherland, supra, and, as we still think, they were correctly construed. The case of United States v. Shaughnessy is not sustained by the authorities, either statutory or judicial, cited therein, and the objection urged by the court against taxing the costs being, as we think, not well founded, we cannot consider the decision as binding upon us in this case.

The motion is therefore denied as to these items of costs. The jurors' costs, and summoning them, are allowed. But as there are some errors in the addition of the cost items, as

[2] Unreported.

.shown by the transcript, an order will be filed directing the judgment heretofore entered to be corrected to include the true amount of costs, $201.60.