*In re* TINHOLT.

CRIMINAL LAW—INDEFINITE POSTPONEMENT OF SENTENCE—DELAY REASONABLENESS—JURISDICTION—WAIVER.

> Where plaintiff was convicted of a criminal offense in November, and on general sentence day in December following, with his consent, sentence was indefinitely postponed, and on April 18th following he was notified to appear for sentence on April 20th, by his consent he waived his right to complain of the indefinite postponement, which, under the circumstances, was not unreasonable.

Certiorari to Ottawa; Cross (Orien S.), J. Submitted June 19, 1923. (Calendar No. 30,877.) Decided June 21, 1923.

*Habeas corpus* by John Tinholt to obtain his release from custody following a conviction and sentence for a violation of the liquor law. Dismissed.

*Jarrett N. Clark,* for plaintiff.

*Fred T. Miles,* Prosecuting Attorney, for the people.

On power of court to suspend sentence or stay execution of sentence, see notes in 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; L. R. A. 1915C, 1169; L. R. A. 1918C, 551; 3 A. L. R. 1020.

CLARK, J. On *habeas corpus* and accompanying certiorari, plaintiff Tinholt seeks to avoid the sentence imposed, contending that by indefinite and unreasonable postponement of sentence the court lost jurisdiction.

On November 14, 1922, in the November term of the court, he was convicted of violating the prohibition law. On December 8th following, that being the general sentence day of the term, he appeared for sentence. It seems that the prosecuting attorney was hopeful of obtaining, by the aid of plaintiff, evidence of other violations and requested a postponement of sentence. Plaintiff consented to an indefinite postponement. No order was entered, but the court informed plaintiff "that the sentence would be delayed and that he could appear later for sentence." On April 18, 1923, he was notified to appear for sentence on April 20th following. He appeared and objected to sentence for the reasons stated. Sentence was then pronounced.

By consenting, plaintiff has waived the right to complain of the indefinite postponement. Assuming that, though the agreed postponement was indefinite, the delay thereunder should not be unreasonable, we find, under the circumstances, no unreasonable delay. See 16 C. J. p. 1277; 8 R. C. L. p. 249; 39 L. R. A. (N. S.) 242; *People* v. *Kennedy,* 58 Mich. 372; *People* v. *Reilly,* 53 Mich. 260.

The writs are dismissed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.