PEOPLE *v.* CORDELL.

1. CRIMINAL LAW — PROBATION — STATUTES — SUSPENSION OF SEN-
TENCE.

The probation provisions of the code of criminal procedure have
no application to the question of whether a sentencing court,
without complying with the probation statute and after sus-
pending sentence at the request of the defendant for a period
of 19 months, lost jurisdiction to impose sentence (3 Comp.
Laws 1929, § 17371 *et seq.*).

2. SAME—SUSPENSION OF SENTENCE.

The statute authorizing the judge of the sentencing court to
pronounce judgment and pass sentence on persons convicted of
crime does not in express terms declare when sentence must
be pronounced (3 Comp. Laws 1929, § 17329).

3. SAME—SUSPENSION OF SENTENCE—SERVICE IN ARMED FORCES.

Although sentences may be suspended for various purposes,
where the prosecution is not abandoned and suspension is had
upon defendant's request before commencement of execution
of sentence until his discharge from the armed services and
it was thereafter continued about a year until after the sen-
tencing judge had had further investigation made through the
probation department, the sentencing judge did not lose juris-
diction to resentence defendant for a minimum term that was
less than the original term by the length of his service in the
armed forces (3 Comp. Laws 1929, § 17329).

4. SAME—SUSPENSION OF SENTENCE—PARDONS.

While the power to suspend sentence and the power to grant
reprieves and pardons are distinct and different in origin and
nature the power to suspend sentence has always been re-
garded as a judicial function.

5. SAME—SUSPENSION OF SENTENCE—STATUTES—COMMON LAW.
    The fact that a statute is enacted which in terms authorizes
    courts to suspend sentence does not confer upon courts a new
    power since such power was, at common law, asserted to be a
    power inherent in the courts (3 Comp. Laws 1929, § 17329).

6. SAME—SUSPENSION OF SENTENCE—EFFECT.
    The suspension of a sentence simply postpones the judgment of
    the court temporarily or indefinitely, but the conviction and
    liability following it, and all civil disabilities, remain and be-
    come operative when judgment is rendered.

7. PARDONS AND PAROLES—SCOPE OF PARDONS.
    A pardon reaches both the punishment prescribed for the offense
    and the guilt of the offender as it releases the punishment
    and blots out of existence the guilt.

Appeal from Wayne; Pugsley (Earl C.), J., presid-
ing. Submitted June 15, 1944. (Docket No. 63, Cal-
endar No. 42,748.) Decided October 11, 1944. Re-
hearing denied December 1, 1944. Certiorari denied
by Supreme Court of the United States January
29, 1945.

George Cordell was convicted of conspiracy to ob-
struct justice. Affirmed and remanded.

*Edward N. Barnard,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Daniel J.
O'Hara,* Assistant Attorney General, for the people.

BOYLES, J. The only question of law in this case is
whether the court had lost jurisdiction to sentence
defendant by suspending sentence for about 19
months.

George Cordell, appellant, was informed against
in Wayne circuit court, along with other defendants,
charged with having conspired to obstruct justice.
The case was tried before a jury with Hon. Earl C.
Pugsley, judge of the Oceana circuit, presiding. On
December 15, 1941, the jury returned a verdict of
guilty as to 23 defendants including appellant. On

January 7, 1942, Judge Pugsley sentenced Cordell to not less than two nor more than five years in State prison. Cordell set about perfecting an appeal to this court which was dismissed by order of this court on stipulation of counsel August 18, 1942.

On August 19, 1942, Cordell presented a petition to Judge Pugsley, reciting the dismissal of the appeal, alleging that he had been inducted into the armed services and ordered to report for service August 22, 1942, that he desired to voluntarily enlist, and asking that the court set aside the sentence and hold any other sentence in abeyance until he had been released from the armed services. On the same day Judge Pugsley entered the following order:

"It is hereby ordered, adjudged and decreed that the sentence heretofore imposed upon the said George Cordell on the 7th day of January, A.D. 1942, be and the same is hereby set aside and held for naught.

"It is further ordered, adjudged and decreed that any subsequent sentence that may be entered by this honorable court will be held in abeyance until the said George Cordell has been discharged and/or returned from service in the armed forces of the United States."

Cordell served seven months and three days with the armed forces and was discharged because of a change in the age requirement. His service commenced August 22, 1942, and continued up to the month of March, 1943. He thereupon returned to this State. Defendant is in disagreement with the sentencing court as to what occurred thereafter. Judge Pugsley, in certifying the record to this court after leave to appeal was granted in the instant case, states:

"I further certify that during the spring of 1943 the said petitioner did appear before this court while sitting in chambers in the circuit court in the city of Detroit, Wayne county, Michigan, and did

then and there advise this court that he had been discharged from military services and that he had been further advised by military officials at the time of his discharge that his services should be more beneficial to the government in the conduct of the war industry in which he claimed to have been engaged immediately prior to the time he entered the military service of the United States. Whereupon this court took under advisement, without any promises or assurances to the petitioner, the further order and judgment of the court, and with the understanding that the said petitioner would later report to the court to abide the judgment and order of the court when and where he should be notified to do so.

"I further certify that I caused further investigation to be made in the premises through the probation department of the circuit court of Wayne county, Michigan, and upon my return to Detroit in March, 1944, the said petitioner was notified to appear before this court, whereupon the proceedings were had as more fully appears in the foregoing transcript of proceedings had on March 29, 1944, to which reference is hereby made.

"I further certify that suspension and deferment of the sentence in said cause was made upon the application of the petitioner represented by counsel and that the defendant was also present in court represented by counsel on the 29th day of March, 1944, as more fully appears herein, and that no objections were then and there made to the sentence of the court as then modified and rendered."

The transcript of the proceedings before the sentencing court on March 29, 1944, shows that defendant by request appeared before the court on that day in person and by counsel, and that the court stated:

"The record may show that in the case of People v. George Cordell, et al., No. 21,096, that the defendant was requested by the court to appear here this

morning to abide the order of the court relative to the sentence heretofore imposed by the court on the 7th day of January, 1942, at which time he was sentenced to serve a term of not less than 2 nor more than 5 years in the Southern Michigan prison at Jackson.

"Subsequently, and pending an appeal to the Supreme Court, this sentence was suspended on account of the fact that it appeared to the court that defendant had been taken into the service of the United States army, and his sentence was suspended until his return.

"He has since then returned and is not now in the United States army, and I am ready to consider at this time any reasons, if any there are, why the sentence originally imposed in this case should not become effective."

Following a statement by defendant's attorney as to his service in the forces of the United States, his discharge and subsequent work, the court announced:

"As a matter of fairness to Mr. Cordell, I am disposed to give him credit on the term of 2 years for which he was sentenced, for the time which he served in the United States army; in other words, reducing the minimum of his sentence by 7 months. * * * The sentence, as amended, will be for not less than 17 months nor more than 5 years from and after the 17th day of April. I am giving him until that time to arrange some matters which I understand he has to take care of."

On the same day a record of the sentence was entered on the journal of the circuit court, as follows:

"At a session of the circuit court for the county of Wayne in the court house in the city of Detroit, on the 29th day of March, A. D. 1944.

"Honorable Earl C. Pugsley, circuit judge.

"George Cordell, the defendant in this cause, having heretofore on January 7, 1942, been sentenced to State Prison of Southern Michigan for a period of not less than 2 years, nor more than 5 years, and said sentence having been suspended, until the defendant, George Cordell, shall have been discharged, it is ordered by the court now here that the sentence previously imposed be amended to one of not less than 17 months, nor more than 5 years, said sentence to begin April 17, 1944."

From this sentence leave to appeal was granted and execution of the sentence stayed by this court. The only question raised on the appeal is, whether under the foregoing circumstances the court was without jurisdiction to impose sentence on March 29, 1944. More precisely, the question of law is whether the sentencing court, after suspending sentence at the request of the defendant for a period of 19 months, lost jurisdiction to impose sentence.

It is plain that the probation provisions of the code of criminal procedure (Act No. 175, chap. 11, Pub. Acts 1927 [3 Comp. Laws 1929, § 17371 et seq. (Stat. Ann. § 28.1131 et seq.)]) have no application. While modern conceptions of penology recognize the desirability of suspending sentence on a convicted person for a period of probation during good behavior, this defendant was not put on probation in conformity with the probation statute.

The statute authorizing the judge of the sentencing court to pronounce judgment and pass sentence on persons convicted of crime does not provide the answer, except to the extent that it does not in express terms declare when sentence must be pronounced. 3 Comp. Laws 1929, § 17329 (Stat. Ann. § 28.1072). Several early decisions of this court, beginning with *Weaver* v. *People,* 33 Mich. 296, in 1876, have considered the question and are claimed by appellant to control decision in the instant case.

At the time these early cases were decided the statute above referred to, in so far as it applies to the instant question, was substantially the same as now (cf. 2 Comp. Laws 1871, § 7997).

In *Weaver* v. *People* (1876), *supra,* the defendant pleaded guilty, the circuit judge suspended sentence until the first day of the next term of court, and the defendant gave recognizance to appear at that time. He was not called in for sentence at the next term nor sentence further suspended. A year later another circuit judge, sitting temporarily in the court where conviction was had, imposed sentence of imprisonment. On review, this court said:

"Sentences may be suspended for various purposes. It may be for the purpose of allowing steps to be taken for a new trial, or other relief, or it may be with a view of letting the offender go without punishment. The release of a defendant on his own recognizance and without sureties, in a merely nominal amount, signifies usually the latter purpose. It at least is a plain assertion of the judge that he did not regard the offense as one that should receive a serious punishment. The failure to take steps during the October term of 1874 was a practical abandonment of the prosecution, and corroborates the opinion that such must have been understood as the object of the suspension, and as the record stands, it is fairly to be inferred it was intentional. To sentence a prisoner to the penitentiary under such circumstances, and when the trial judge has distinctly said he ought not to be so sentenced, is not supplying his omissions, but is overruling his decision. This we think not admissible, and the sentence was unauthorized, and the judgment must be reversed, and the prisoner discharged."

It is plain that the situation in the *Weaver Case,* *supra,* is distinguishable from the case at bar. In the instant case prosecution was not abandoned and

the contrary clearly appears in the action of the court in suspending sentence and expressly holding further action in abeyance until defendant was discharged from the armed forces.

In *People* v. *Reilly* (1884), 53 Mich. 260, defendant was convicted of crime on October 22, 1881, motion made for a new trial, defendant admitted to bail, and sentence was suspended indefinitely. The motion for new trial was denied and on November 28, 1882, about 13 months after conviction, the defendant was brought before the court and sentenced to imprisonment. Justice SHERWOOD wrote:

"Under the third assignment of error the respondent's counsel claim that the suspension of sentence was so long that the court lost jurisdiction to make the sentence he did. Under our practice courts may, for good cause, suspend sentence a reasonable length of time after trial and conviction. *Weaver* v. *People,* 33 Mich. 296. We find nothing in the record showing an abuse of the descretion vested in the judge."

Justice CHAMPLIN disagreed with Justice SHERWOOD on that point but with apparent inconsistence agreed that there were no errors calling for reversal of the judgment. Justice COOLEY concurred. To this extent the case is authority for the conclusion that at that early date the court did not consider that a suspension of sentence for 13 months deprived the court of further jurisdiction.

In *People* v. *Kennedy* (1885), 58 Mich. 372, the defendant was convicted of crime on November 28, 1883. By various court orders and for various reasons sentence was deferred until in March, 1885, when the defendant was sentenced to 10 days in the county jail. The court set aside the sentence on the ground that the maximum time for which de-

fendant might have been imprisoned (90 days) had expired before the last time sentence had been deferred. The court said:

"The principle in this case is the same as if the defendant had been in confinement, as he was under bonds and in the custody of the court; and the deferring of sentence was not asked by him or his counsel."

Neither of the two reasons for which the sentence was set aside in the above case is present in the case at bar.

In *People* v. *Meservey,* 76 Mich. 223, the trial court had sentenced the defendants to imprisonment in State prison, and the defendants had been remanded to the county jail to be transferred to the prison. The defendants then made an unsuccessful attempt to escape from the county jail, whereupon the court had the defendants again brought before him, set aside the sentences and resentenced them to longer terms in State prison. The court held that the original sentences had gone into effect, that the attempt to set them aside, together with the imposition of the second sentences, were void. The defendants were remanded to serve the terms of their first sentences. There is small consolation in that case for the defendant now before us. If we were to hold that the act of the court in the instant case setting aside the first sentence and later sentencing this defendant to a minimum of 17 months' imprisonment was void, and remand the defendant for carrying out the original sentence, defendant's minimum term would be two years instead of 17 months. But the difference in circumstances is apparent. In the case at bar the execution of the original sentence had not been started, and the setting aside of the sentence as well as deferring of

further action was in response to defendant's express request.

In *People* v. *Jagosz,* 253 Mich. 290, the trial court imposed sentence 63 days after conviction without any showing of the cause for delay, and the claim of error on that ground was dismissed by this court with the terse statement:

"There was no error in the delay."

Our review of the foregoing cases relied on by defendant is convincing that they are distinguishable by their circumstances from the case at bar. In this case the court granted the defendant's request that the sentence of two years' imprisonment be set aside, and his further request that the court "hold any other sentence in abeyance until the said defendant Cordell has been released from the armed forces of the United States government."

Defendant argues that the power to suspend sentence for an indefinite time is equivalent to the power to pardon, and that this power rests solely in the governor. Admittedly this theory was expounded in some of the early decisions of this court (*e. g., People* v. *Brown,* 54 Mich. 15). However, in considering a statute which expressly authorized the court to suspend sentence indefinitely of one convicted of desertion or abandonment of his wife or minor children (Act No. 144, Pub. Acts 1907) this court held it did not infringe on the pardoning power of the governor. The court said:

"The power to suspend sentence and the power to grant reprieves and pardons are distinct and different in origin and in nature. It has never been supposed that the power of courts to suspend sentence was other than a judicial function. It has been frequently and constantly exercised by courts of record before and since the adoption of the Constitution. * * * Assuming the power to be, as it

was at common law asserted to be, a power inherent in courts, no new power is conferred upon courts when the legislature in terms authorizes courts to suspend sentence. The distinction between the pardoning power and the power to suspend sentence is clearly pointed out in the opinion in *People, ex rel. Forsyth,* v. *Court of Sessions,* 141 N. Y. 288 (36 N. E. 386, 23 L. R. A. 856). It is said:

" 'The suspension of the sentence simply postpones the judgment of the court temporarily or indefinitely, but the conviction and liability following it, and all civil disabilities remain and become operative when judgment is rendered. A pardon reaches both the punishment prescribed for the offense and the guilt of the offender. It releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense.'

"We do not find in the language employed in the act or in its probable effect if enforced any encroachment upon the exclusive power of the executive to grant pardons.   *   *   *

"We cannot assume that interference with the judicial power was intended, or that the design was to confer any new power. The proviso must be read so as to sustain, and not destroy, the legislation if such reading is reasonably possible. No condition is imposed upon the exercise of the power of the court to impose sentence in conformity with the statute and a discretion judicially exercised.   *   *   *   It is said in argument that one found guilty of violating the statute may be subjected for an indefinite period to judicial espionage, and at the end of such period be sentenced. We have already indicated, and this is a complete answer to the objection, that the statute will not be construed as conferring upon the court *any new power.*" *People* v. *Stickle,* 156 Mich. 557, 563.

In the case at bar the defendant not only consented to setting aside the sentence first imposed,

and the deferring of further action, but actually requested it of the court. Defendant now argues that jurisdiction to impose the later sentence could not be conferred by consent, having once been lost. This argument is based on the false assumption that the court lost entire jurisdiction over the defendant by the lapse of time between the suspending of sentence and the final sentence, notwithstanding the fact that this was done at defendant's request. This court has adversely answered defendant's contention, in *Re Tinholt,* 223 Mich. 483, where the court said:

"On *habeas corpus* and accompanying certiorari, plaintiff Tinholt seeks to avoid the sentence imposed, contending that by indefinite and unreasonable postponement of sentence the court lost jurisdiction.

"On November 14, 1922, in the November term of the court, he was convicted of violating the prohibition law. On December 8th following, that being the general sentence day of the term, he appeared for sentence. It seems that the prosecuting attorney was hopeful of obtaining, by the aid of plaintiff, evidence of other violations and requested a postponement of sentence. Plaintiff consented to an indefinite postponement. No order was entered, but the court informed plaintiff 'that the sentence would be delayed and that he could appear later for sentence.' On April 18, 1923, he was notified to appear for sentence on April 20th following. He appeared and objected to sentence for the reasons stated. Sentence was then pronounced.

"By consenting, plaintiff has waived the right to complain of the indefinite postponement. Assuming that, though the agreed postponement was indefinite, the delay thereunder should not be unreasonable, we find, under the circumstances, no unreasonable delay."

Sentiment has no place in our discussion of the law of the case. Nor do we see any occasion to re-

sort to or discuss the decisions from other juris-
dictions cited and argued by counsel, indicating a
lack of uniformity in deciding the question. The
conclusion which we now reach, that the court had
jurisdiction to impose the sentence complained of, is
in conformity with the previous decisions of this
court.

The judgment is affirmed and the case remanded
for execution of sentence.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-
NELL, SHARPE, and REID, JJ., concurred.