PEOPLE v McLOTT

PEOPLE v GROSS

1. Criminal Law—Sentences—Discretion of Trial Court—Unequal Sentences to Co-Defendants—Maximum Sentences.

A trial court is given wide discretion in sentencing and appellate courts do not possess supervisory control over the punishment imposed; therefore, where one of two co-defendants, who were both convicted of the same offense, was given a minimum sentence twice as long as that of the other co-defendant, there was no error because the sentence was within the maximum penalty provided by statute.

2. Criminal Law—Sentences—Trial Court—Jurisdiction—Maximum Sentence.

A trial court loses jurisdiction to sentence a defendant following the expiration of a time period equal to the maximum sentence which the defendant could have been given for the crime of which he was convicted.

3. Criminal Law—Sentences—Deferred Sentencing Statute—One-Year Period—Jurisdiction to Sentence Statutes.

A deferred sentencing statute which allows a court to delay for one year in imposing sentence for the purpose of giving the convicted defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice does not plainly indicate that where the court does not impose sentence within one year the court loses jurisdiction to sentence; therefore, where a trial court was unable to hold a sentencing session which was scheduled to be held within the one-year period, and where a new date was promptly set which exceeded the one-year period by only a brief number of days, jurisdiction was not lost (MCLA 771.1; MSA 28.1131).

Appeal from Oakland, Arthur E. Moore, J. Sub-

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 533.
[3] 21 Am Jur 2d, Criminal Law § 14 et seq.

mitted June 1, 1976, at Lansing. (Docket Nos. 25877, 25878.) Decided August 4, 1976.

Frederick J. McLott and Sidney R. Gross were convicted of receiving and concealing stolen property and of conspiracy to receive and conceal stolen property. Defendants appealed. Affirmed, but remanded for resentencing, 55 Mich App 198 (1974). On remand sentencing was deferred under the delayed sentencing statute. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Merritt, Kwetcher & Burnard,* for defendant McLott.

*Bain & Shapiro, P. C.,* for defendant Gross.

Before: Allen, P. J., and D. E. Holbrook, Jr., and E. H. Papp, * JJ.

Allen, P. J. Where imposition of sentence is delayed one year pursuant to the delayed sentence statute, MCLA 771.1; MSA 28.1131, is jurisdiction to sentence lost when the sentence is imposed 13 days beyond the one-year period?

This question of first impression comes to us after defendants' convictions by jury December 7, 1972, of receiving and concealing stolen property, MCLA 750.535; MSA 28.803, and of conspiracy to receive and conceal stolen property, MCLA 750.157(a); MSA 28.354(1), were affirmed by this

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Court in *People v McLott,* 55 Mich App 198; 222 NW2d 178 (1974), but the case was remanded for resentencing.[1] At the resentencing hearing September 12, 1974, sentencing was deferred under the delayed sentencing statute, *supra,* until Thursday, September 4, 1975. The reason given by the trial court for delaying sentence was to permit the prosecutor to request a rehearing of the sentencing decision in *People v McLott, supra,* and to secure a more complete report from the probation department. On September 4, 1975, the trial court was unable to hold court session and the court clerk informed defendants that resentencing was adjourned until Thursday, September 18, 1975.[2] Due to the illness of one of defense counsel, the September 18 date was adjourned until September 25, at the request of defendants. On September 25, defendant McLott was sentenced on both counts to a concurrent term of 3 to 5 years in prison and defendant Gross was sentenced on both counts to a concurrent term in prison of 1-1/2 to 5 years.

In addition to the central claim of error that the trial court was without jurisdiction to impose any sentence subsequent to September 12, 1975, defendants assert two other errors. As to both de-

[1] Specifically, defendants were charged with obtaining possession of $200,000 worth of AC auto parts destined for a General Motors warehouse in Drayton Plains and reported missing earlier that day. Both defendants were sentenced on each count to consecutive sentences of three years, four months. Upon appeal, this Court held "since there is no applicable statutory authorization for the imposition of consecutive sentences in this case, the trial court did err in failing to direct that the sentences be served concurrently. * * * It is therefore necessary to remand for resentencing". 55 Mich App at 208–209. (Citations omitted.)

[2] The record does not disclose precisely why no session was held on the adjourned date September 4, 1975. However, on oral argument both parties stated the trial judge could not be present nor could the trial judge be present one week later (September 11, 1975) since this was the date of the annual judicial conference which was attended by the trial judge.

fendants the probation officer recommended to the trial judge that probation be given rather than a prison sentence. Full restitution was made to General Motors by the return of the "stolen" spark plugs. Defendant McLott had no prior offenses and no weapons or threats were used in the commission of the offense for which defendants were found guilty. Yet defendant McLott was given a sentence twice that given defendant Gross. This action, claims McLott, is an abuse of the trial court's discretion, is arbitrary, and is in violation of the rule laid down in *Burns v United States,* 287 US 216, 220–223; 53 S Ct 154; 77 L Ed 266 (1932). This Court has recently considered and rejected a similar claim of error. *People v Dupuie,* 52 Mich App 510; 217 NW2d 902 (1974). When a sentence is within the maximum provided by statute—in the instant case five years, the trial court is given wide discretion and the appellate court does not possess supervisory control over the punishment. *People v Pate,* 2 Mich App 66, 68; 138 NW2d 553 (1965), *People v Alsteens,* 49 Mich App 467; 212 NW2d 243 (1973).

Relying on *People v Kennedy,* 58 Mich 372; 25 NW 318 (1885), both defendants claim error in sentencing since, had each been sentenced properly following the first trial, each would have served his minimum sentence by November 30, 1975.[3] Counsel misread *Kennedy.* There, the Court first stated that a defendant "is entitled to have his liberty as soon as the limit of the law, reasonably administered, will permit". 58 Mich at 377. Based upon this principle the Court then noted that the maximum punishment which could be

---

[3] In the case of defendant McLott, the minimum sentence imposed would, if properly and timely made, have expired November 30, 1975. In the case of defendant Gross, the time period would have expired by the time the sentence was actually given.

imposed was 90 days and thus the trial court lost jurisdiction to sentence following the expiration of:

"the utmost length of his imprisonment on account of not paying fine and costs, namely, ninety days." 58 Mich at 376.

Since the maximum penalty which could be imposed in the case before us is five years the trial court still retains jurisdiction under the rule announced in *Kennedy, supra.*

We now turn to the main issue. With considerable persuasiveness, defendants point out that the dominant person in the delay of sentence was the trial judge and not the defendants. It was the trial judge who erred in sentence in the first place and it was the trial judge who delayed sentence in September 1974 because he disagreed with the decision of this Court and wanted the prosecutor to consider a rehearing. Although one of the defendants did contribute to the delay of sentence on September 18, 1975, the one-year period had already expired September 12, 1975.[4] Furthermore, argue defendants, the statute plainly and unambiguously restricts the time for imposing a delayed sentence to one year. Where the intent is plainly expressed there is no room for construction varying the plain meaning of the statute. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971). We are impressed but not persuaded.

The deferred sentencing statute[5] is not as plain

---

[4] *Compare In re Tinholt,* 223 Mich 483, 484; 194 NW 131 (1923), and *People v Cordell,* 309 Mich 585; 16 NW2d 78 (1944), holding that where the defendant himself requested the postponement of sentence, the defendant waived all rights to complain. The instant case is distinguishable since jurisdiction to sentence, if lost, had expired prior to the defendant's request for delay.

[5] "In any case in which the court may place the defendant on

and unambiguous as defendant would have us believe. It states that the court *does not lose* jurisdiction to sentence if sentencing is completed within one year. It does not forthrightly state that jurisdiction is lost if for some reason, particularly if the reason be sound or unavoidable, sentencing is postponed beyond the year deadline. Thus, it is only inferentially that one arrives at a conclusion that in every instance jurisdiction is lost. We also note that when carefully read the statute grants a one-year delay "for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice". Thus, the statute does not speak to whether an additional delay can be granted for some other purposes such as allowing a trial judge to recover from illness. Accordingly, there is room for construction of the statute. Neither logic nor precedent based upon analogous situations leads us to conclude that the Legislature intended that jurisdiction is irretrievably lost in every situation where the delay in sentencing exceeds one year. Assume for example, that one found guilty of a serious offense is placed on deferred sentence in a single-member judicial district and that on the date set for the deferred sentence the single member judge dies or becomes seriously ill. In such example it would be impossible to fill the vacancy or appoint an acting successor within the allowa-

---

probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order setting forth the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period." (MCLA 771.1; MSA 28.1131.)

ble time frame. If jurisdiction is lost in such case the offender would go totally unpunished. We doubt that this was the legislative intent.

An analagous situation is found in the Court's construction of the statutory 180-day rule in MCLA 780.131; MSA 28.969(1). That statute requires that where charges are pending against an inmate in the Department of Corrections "such inmate shall be brought to trial within 180 days" and MCLA 780.133; MSA 28.969(3), provides that if action is not commenced within the 180-day period "no court of this state shall any longer have jurisdiction thereof". Despite the clear wording of the statute the Court has held that the law doesn't require actual trial but only a good faith effort to try on the part of the prosecution. *People v Castelli,* 370 Mich 147, 153; 121 NW2d 438 (1963), *People v Wilder,* 51 Mich App 280, 284; 214 NW2d 749 (1974). Certainly in the instant case there was a good faith effort to complete sentencing within one year. The delayed sentence was set within the one-year period. It was adjourned only because "the trial court could not be present". The adjourned date (September 18) was only six days beyond the one-year limitation. Sentencing was then adjourned an additional seven days at the behest of one of the defendants. Sentencing was for a serious offense involving the taking of $200,-000 worth of property.

Our analogy to the statutory 180-day rule does not imply that we hold that the one-year limitation of the within statute may be exceeded whenever a good faith effort is evident. In our opinion the prompt and efficient administration of justice including a final dispensation of sentence mandates a stricter interpretation of the statute, *viz.:* one which would permit the one-year period to be

exceeded in only the most limited circumstances. Precisely what those limited circumstances are, or should be, is not decided by us today. But we do hold that where, as here, a trial court is unable to hold a session and where a new date is promptly set which exceeds the one-year period by only a brief number of days, jurisdiction to impose sentence is not lost.

Affirmed.