PEOPLE v LEE

Docket No. 59411. Submitted May 7, 1982, at Lansing.—Decided May 17, 1983. Leave to appeal denied, 417 Mich 1075.

David Lee was convicted, on his plea of guilty, of breaking and entering an occupied dwelling, Oakland Circuit Court, William John Beer, J. Defendant appealed by leave granted, alleging that: (1) there was no factual basis for the plea, (2) he was not adequately advised of his rights, and (3) the trial court lost jurisdiction to sentence him because of a delay beyond one year. *Held:*

BRONSON, J., held, along with the other members of the panel, that an adequate factual basis for the plea was elicited at the plea-taking proceeding. He held, additionally, that the trial court's use of a plea-taking form, in which the defendant acknowledged the rights he was waiving by offering a plea, does not excuse the requirement that the plea-taking judge must personally address the defendant to advise him of his rights pursuant to court rule.

R. M. MAHER, P.J., agreed that reversal is required because of the trial judge's failure to personally address the defendant as to the rights waived by a guilty plea. He wrote separately to distinguish the case from alleged precedent.

Reversed and remanded.

R. J. SNOW, J., dissented as to the requirement that the plea-taking judge must personally address the defendant on each and every right. He would hold that the use of a plea-taking form does not require reversal where it appears on the record that the defendant has been adequately advised of his rights. Judge Snow also addressed the defendant's third issue and would hold that the lower court was not divested of its jurisdic-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 473-478.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 489.

[5] 21 Am Jur 2d, Criminal Law § 526.

Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

tion to impose sentence because of a delay of two days beyond the statutory one-year period allowed in the delayed sentencing statute. He would affirm.

OPINION OF BRONSON, J.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING FORM — FAILURE TO ADDRESS DEFENDANT.

The use of a written form, at a guilty plea proceeding, upon which the defendant acknowledges the various rights which he is waiving by pleading guilty does not excuse the requirement that the judge personally address the defendant to advise him of his rights; failure of the judge to comply with this requirement mandates reversal (GCR 1963, 785.7).

OPINION OF R. M. MAHER, P.J.

2. CRIMINAL LAW — GUILTY PLEAS — FAILURE TO ADDRESS DEFENDANT.

*Failure of a trial court to address a defendant personally as to the rights waived by a guilty plea requires reversal (GCR 1963, 785.7).*

DISSENT BY R. J. SNOW, J.

3. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

*A factual basis for acceptance of a guilty plea exists if an inculpatory inference can reasonably be drawn by a factfinder from the facts admitted by the defendant even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference.*

4. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING FORM.

*The use of a written form in a guilty plea proceeding, in which the defendant acknowledges the rights he is waiving by pleading guilty, does not require reversal of the conviction where the defendant in fact was adequately advised of his rights.*

5. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

*A trial court is not divested of jurisdiction to sentence a defendant pursuant to the delayed sentencing statute if sentencing is not completed within one year where the reason for the delay beyond one year is sound and where a good-faith effort was made to comply with the one-year statutory requirement (MCL 771.1; MSA 28.1131).*

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for defendant on appeal.

Before: R. M. Maher, P.J., and Bronson and R. J. Snow,* JJ.

Bronson, J. I approve the statement of facts made in Judge Snow's dissent. I also agree that an adequate factual basis for the plea was elicited.

I do not agree that the use of a guilty plea form excuses the requirement that a plea-taking judge personally address the defendant to advise him of his rights under GCR 1963, 785.7(1)(g).

We have received little guidance from the Supreme Court in this area. Its peremptory order in *People v Lockett,* 413 Mich 868; 318 NW2d 31 (1982), has, if anything, obscured the issues involved.

Even if we accept the contention that the order in *Lockett* has precedential value, the facts of this case can readily be distinguished from those in *Lockett.* In *Lockett,* the judge personally addressed the defendant at length, omitting only advice of his right to question the witnesses against him. The omission was apparently inadvertent. In the present case, the plea-taking form was substituted wholesale for the judge's direct advice on the record required by GCR 1963, 785.7. In *Guilty Plea Cases,* 395 Mich 96, 114; 235 NW2d 132 (1975), the Court stated:

"While it would be better for the judge to cover all the points himself, as long as he assumes the principal

* Circuit judge, sitting on the Court of Appeals by assignment.

burden of imparting the required information, * * * the purpose of requiring him personally to address the defendant and in so doing observe his demeanor and responses is achieved."

Independent of the question of defendant's knowledge of his rights, the trial court failed to comply with the "personally address" requirement of GCR 1963, 785.7. This failure requires reversal. While a plea-taking form might be a useful supplement to compliance with the court rule, it cannot be considered an adequate substitute.

I decline to address defendant's claim concerning the court's jurisdiction to sentence him. In view of our reversal of his conviction, this issue is not ripe for review.

Reversed and remanded to allow defendant to withdraw his plea.

R. M. MAHER, P.J. *(concurring).* I agree with Judge BRONSON that the defendant's conviction must be reversed because the trial court failed to address the defendant personally as to the rights waived by a guilty plea. I write separately, however, to state the grounds upon which I distinguish this case from *People v Lockett,* 413 Mich 868; 318 NW2d 31 (1982). When *Lockett* was before this Court, see *People v Lockett,* 111 Mich App 405; 314 NW2d 640 (1981), it was apparently assumed by the parties and by this Court that the trial judge did not personally advise the defendant of his right of confrontation. The only issue, therefore, was whether the plea-taking form was sufficient to supply this information. The Supreme Court, however, apparently found that the trial judge did personally advise the defendant as to his right of confrontation. The Court concluded that "the judge's advice on the record demonstrates

that the defendant was sufficiently advised of his right of confrontation". 413 Mich 868. Consequently, the Court did not need to—and did not—reach the issue as to whether a plea-taking form can substitute for the trial court's advice on the record. The Supreme Court's ruling in *Lockett,* therefore, does not apply to the instant case because it did not resolve the issue which is now before this Court.

R. J. Snow, J. *(dissenting).* Defendant was charged with breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and, after executing a waiver of jury trial, was tried by the court. On the second day of trial, he decided to plead guilty. Defendant completed and signed a plea-taking form.

Although the trial court did not specifically inquire of defendant concerning each and every right, the court first asked him whether or not he had fully reviewed the statement of his rights contained in the plea form, before accepting his plea of guilty.

On December 29, 1978, defendant's sentencing was delayed for one year pursuant to the delayed sentence statute, MCL 771.1; MSA 28.1131. On December 31, 1979, defendant was sentenced to a term of imprisonment of not less than 5 nor more than 15 years.

This Court has granted defendant's application for leave to appeal.

Defendant claims:

1. That there was no factual basis for the plea;

2. That he was not adequately advised of his rights; and

3. That jurisdiction to sentence was lost because

the sentence was imposed two days beyond the one-year period.

A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn, even though defendant asserts that the latter is the correct inference. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

In taking the plea, the judge, reading from the plea-taking form, addressed the defendant as follows:

"It says here, 'I drove Alonzo Ennis to a street in Pontiac where Alonzo Ennis got out of the car and broke into a house and stole two T.V.'s, camera, calculator. I knew that Ennis was going to break into the house and I helped him put the stolen items in the car. Then I drove away.' Is that what was written down here?

"*Mr. Clear:* That's exactly what was there.

"*The Court:* Is that all true?

"*The Defendant:* Yes.

"*Mr. Fenton:* So there is a factual basis, your Honor, as to there can be an interpretation that he was an aider and abettor?

"*The Defendant:* Yes.

"*Mr. Fenton:* People are satisfied."

The statement clearly establishes that defendant aided and abetted Alonzo Ennis in breaking and entering an occupied dwelling house knowing that Alonzo had the intent to steal at the time of the breaking and entering; it also establishes that defendant himself had the intent to steal at the time he aided in the breaking and entering.

With respect to defendant's second claim, GCR 1963, 785.7 formerly provided in pertinent part:

"The court shall not accept a plea of guilty * * * without first personally addressing the defendant and informing him of and determining that he understands the following * * *."

In *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980), a panel of this Court upheld the use of a plea-taking form where the trial court had addressed the defendant at the plea as to his understanding of what was contained therein.

The Court held that defendant was adequately advised of his rights and quoted from *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975), in support of its holding:

"The primary purpose of subsection (d) is to impress on the accused that by his plea of guilty he waives his right to a trial. If it appears on the record that this purpose has been achieved, the omission of one or another of these rights, other than a *Jaworski* right *[People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972)], or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal.

"On appeal the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents."

In *People v Lee,* 112 Mich App 194, 195, 196; 315 NW2d 896 (1982), another panel of this Court rejected such a procedure where the plea was accepted after defendant acknowledged executing a plea form and that he understood what rights he was waiving by pleading guilty. The Court stated:

"While we have little doubt that defendant did indeed understand the rights he was giving up by pleading

guilty, the rule is clear that the trial court must personally inform defendant of the rights he will be waiving by his plea."

In *People v Lockett,* 111 Mich App 405, 409; 314 NW2d 640 (1981), defendant acknowledged signing a plea-taking form and that everything contained in the form was true. In a split decision the Court reversed the conviction, stating:

"In this case, defendant was orally informed on the record of all his *Jaworski* rights except his right to confront his accusers. The prosecution argues that a plea form, signed the same day defendant pled guilty, contained a waiver of his right and demonstrated that defendant knew he was waiving his right to confront his accusers. We have no doubt that the people are correct. However, the argument ignores the wording of GCR 1963, 785.7(1), which clearly mandates that the trial judge speak directly to defendant telling him that he is waiving his right to confront his accusers."

The Supreme Court, 413 Mich 868; 318 NW2d 31 (1982), reversed the Court of Appeals and reinstated the conviction, stating: "We find that the judge's advice on the record demonstrates that the defendant was sufficiently advised of his right of confrontation. *Guilty Plea Cases,* 395 Mich 96, 121-124 (1975)."

I believe that defendant was adequately advised of his rights at the guilty plea proceeding. Judge BRONSON claims that the Supreme Court really reversed in *Lockett* because the trial court had in fact adequately advised the defendant of his right to confrontation even though he omitted mentioning orally the right to question the witnesses against him. See *Guilty Plea Cases,* 395 Mich 123. However, after reading the Court's opinion in *Lockett,* I can nowhere find this factual distinction

mentioned. The Court of Appeals majority clearly reversed because of the plea-taking form. I believe that the Supreme Court reversed that ruling and then sanctioned the use of a plea-taking form. As this Court said in *Lockett*, "the rigid construction of court Rule 785 [leaves us] to count trees and not see forests". 111 Mich App 408.

With respect to defendant's final contention, consistent with the holding of this Court in *People v McLott*, 70 Mich App 524, 528-531; 245 NW2d 814 (1976), I hold that the trial court did not lose jurisdiction to sentence defendant by virtue of a delay of two days beyond the one-year period:

"The deferred sentencing statute is not as plain and unambiguous as defendant would have us believe. It states that the court *does not lose* jurisdiction to sentence if sentencing is completed within one year. It does not forthrightly state that jurisdiction is lost if for some reason, particularly if the reason be sound or unavoidable, sentencing is postponed beyond the year deadline. * * * Neither logic nor precedent based upon analogous situations leads us to conclude that the Legislature intended that jurisdiction is irretrievably lost in every situation where the delay in sentencing exceeds one year.

* * *

"In our opinion the prompt and efficient administration of justice including a final dispensation of sentence mandates a stricter interpretation of the statute, *viz.:* one which would permit the one-year period to be exceeded in only the most limited circumstances. Precisely what those limited circumstances are, or should be, is not decided by us today. But we do hold that where, as here, a trial court is unable to hold a session and where a new date is promptly set which exceeds the one-year period by only a brief number of days, jurisdiction to impose sentence is not lost."

In the instant case, the sentence delay was

basically from the end of one year to the end of the next and represents a good faith effort to comply with the statute. Keeping in mind the logic of *McLott* with respect to the problem of scheduling matters before the court, including a sentencing, I hold that the trial court was not divested of jurisdiction to sentence the defendant.