PEOPLE v ATKINS

CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—AD-
   VICE TO DEFENDANT—COURT RULES.
   A trial judge is required by court rule to personally advise a
   defendant of his rights when accepting a plea of guilty or nolo
   contendere; failure to do so is reversible error (GCR 1963,
   785.7[1]).

Appeal from Recorder's Court of Detroit, Clarence Laster, Jr., J. Submitted Division 1 March 13, 1975, at Detroit. (Docket Nos. 21374, 21375.) Decided April 9, 1975.

Ernest M. Atkins was convicted, on his plea of guilty, of two counts of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Townsend & Bibb,* for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Defendant was charged with two armed robberies, MCLA 750.529; MSA 28.797. On

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 526, 702.
Plea of nolo contendere or non vult contendere, 89 ALR2d 540.

May 31, 1974, defendant entered a plea of guilty of unarmed robbery, MCLA 750.530; MSA 28.798, in both cases. Having been sentenced to concurrent terms of from 3 to 15 years in prison to run concurrently with his parole violation, defendant appeals.

During the plea proceedings, the following colloquy took place:

"*The Court:* I have in my possession two documents which are entitled 'Guilty Plea' which purports to bear your signature. Tell the Court if that's your signature.

"*Defendant:* Yes, sir.

"*The Court:* Have you read those documents, and do you understand them?

"*Defendant:* Yes, sir.

"*The Court:* They explain to you your constitutional and statutory rights in this Court of the cases pending against you.

"*Defendant:* Yes, sir.

"*The Court:* And you formerly executed these documents, is that right?

"*Defendant:* Right."

GCR 1963, 785.7(1) provides that:

"The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following: * * * * "

The rule clearly requires the trial judge to personally advise defendant of his rights. *People v Jones,* 58 Mich App 231; 227 NW2d 297 (1975). The trial court, in this case, failed to adhere to this mandatory requirement. See *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974).

Reversed and remanded for new trial.