PEOPLE v NAPIER

CRIMINAL LAW—GUILTY PLEAS—PERSONALLY ADDRESS—WAIVER—
COURT RULES.

> A rule requiring that a court taking a plea of guilty personally
> address a defendant concerning the rights the defendant is
> waiving with the guilty plea was not complied with where the
> court merely introduced a document signed earlier by the
> defendant, in which the defendant acknowledged that he under-
> stood the rights incident to a trial and that he was waiving
> them by pleading guilty, and then asked the defendant if the
> defendant understood the rights listed in the document; this
> was so even though strict, literal compliance with the rule is
> not required (GCR 1963, 785.7).

Appeal from Oakland, Arthur E. Moore, J. Sub-
mitted February 11, 1976, at Lansing. (Docket No.
25950.) Decided May 18, 1976. Leave to appeal
denied, 397 Mich —.

Teddy R. Napier was convicted, on his plea of
guilty, of attempted breaking and entering of an
occupied dwelling with intent to commit larceny.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *James L. McCarthy,* Assist-
ant Appellate Counsel, for the people.

*Sheldon G. Larky,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 485–487.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, JR., P. J. The defendant pled guilty to attempted breaking and entering of an occupied dwelling with intent to commit a larceny. MCLA 750.92; MSA 28.287, MCLA 750.110; MSA 28.305. He was sentenced to prison and now appeals as of right.

Before tendering his guilty plea, the defendant, with the assistance of his counsel, completed a document in which he acknowledged that he understood the rights incident to a trial and that he was waiving them by pleading guilty. He then appeared before the court which admitted the document into evidence. Prior to admitting the document into evidence, the court asked the defendant:

*"Q. [by The Court]:* Mr. Napier, your attorney and the Prosecutor have handed me a document marked Exhibit One. Did you sign it?

*"A. [Defendant]:* Yes, sir.

*"Q.* Do you know and understand what you signed?

*"A.* Yes, sir.

*"Q.* Are the facts stated all true?

*"A.* Yes.

*"Q.* Are you familiar with the rights which are recited in the document?

*"A.* Yes, sir.

*"Q.* Do you know that the constitutional rights and other rights relative to trial?

*"A.* Yes, sir.

*"Q.* Is there any value in my repeating all that is in the Exhibit One or do you know and understand it so you know you can answer me that you know all of your rights and the facts stated in Exhibit One and they are true?

*"A.* Yes, I know that, your Honor."

This brief colloquy between the court and the defendant does not comply with the requirement that the plea-taking court personally address the defendant concerning the rights that he is waiving with his guilty plea. GCR 1963, 785.7(1), *Guilty Plea Cases,* 395 Mich 96, 121; 235 NW2d 132 (1975). This Court has specifically stated that this requirement is not complied with by only introducing a signed document and then asking the defendant if he understands the rights listed in the document. *People v Atkins,* 60 Mich App 380, 381; 230 NW2d 443 (1975), *People v Jones,* 58 Mich App 231, 232; 227 NW2d 297 (1975).

We realize that strict, literal compliance with GCR 1963, 785.7 is not required. *Guilty Plea Cases, supra* at 113, *overruling People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974). However, the procedure followed in this case by the plea-taking court completely circumvents the purpose of the personally address requirement in the court rules. The purpose of requiring the court to personally address the defendant is two-fold.

First, it gives the plea-taking court an opportunity to observe the defendant's demeanor and the manner in which he replies to the court's questions. *Guilty Plea Cases, supra* at 114. It is apparent from counsels' argument before this Court, however, that the plea-taking court had had ample opportunity to observe the defendant. Earlier that day the court had sentenced the defendant on an unrelated violation of probation.

Second, it reinforces the fact that pleading guilty is a serious occasion at which the defendant sheds his presumption of innocence and assumes the burden of being a convicted felon (again). *Guilty Plea Cases, supra* at 121. To permit the defendant to waive the recital of his rights lessens

the impact of the occasion and reduces the dignity of the judicial system. This is especially true since in this case the plea taking occurred on June 26 while the plea document was dated June 17. *Cf., Guilty Plea Cases, supra* at 122.

Because of the underlying purpose behind the requirement to personally address a defendant expressed in *Guilty Plea Cases,* we conclude that the Supreme Court's decision in *Guilty Plea Cases* did not effectively overrule this Court's decisions in *People v Atkins* and *People v Jones.*

Reversed and remanded.