PEOPLE v SMITH

Docket No. 78-1100. Submitted May 14, 1980, at Lansing.—Decided
    June 4, 1980.
  Ronald A. Smith was convicted, on his plea of guilty, of assault
    with intent to commit criminal sexual conduct in the second
    degree, Oakland Circuit Court, Francis X. O'Brien, J. Defen-
    dant appeals, alleging that he was not informed that by offer-
    ing the guilty plea he was waiving his right to remain silent.
    *Held:*
      The record reveals that the defendant admitted having been
    advised of all of his rights by his attorney and that he signed a
    form explaining the rights which he was waiving by not having
    a trial, including the right to remain silent and have no
    adverse inference drawn from his silence. The defendant was
    adequately advised of his rights so as to create a valid, knowing
    and voluntary plea of guilty.
      Affirmed.

CRIMINAL LAW — PLEA OF GUILTY — WAIVER OF RIGHTS — APPEAL.
    The Court of Appeals, when reviewing the issue of whether a
    defendant who pled guilty was properly informed that he was
    waiving his right to remain silent, should not reverse the
    conviction where it appears on the record that the defendant
    was informed of such constitutional rights and incidents of a
    trial as reasonably to warrant the conclusion that he under-
    stood what a trial is and that by pleading guilty he was
    knowingly and voluntarily giving up his right to a trial and to
    such rights and incidents.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*

REFERENCES FOR POINTS IN HEADNOTES
[1]4 Am Jur 2d, Appeal and Error § 867.
  21 Am Jur 2d, Criminal Law § 487.
  Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*John C. Polasky,* for defendant.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER,* JJ.

PER CURIAM. Defendant appeals his plea-based conviction of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2).

Defendant's only claim on appeal is that he was not informed that he was waiving his right to remain silent and that no adverse inference could be drawn from his refusal to testify. It is true that the record does not reveal an explicit query from the trial judge as to whether the defendant expressly waived his right to remain silent at trial.

The record also reveals that defendant admitted having been advised of all of his rights by his attorney. He admitted filling out the plea-taking form and going over each item with his attorney as shown by the following colloquy:

"THE COURT: All right, with regards to your rights, Mr. Smith, have you been advised of all of your rights?
"MR. SMITH: Yes.

\* \* \*

"THE COURT: Did you go over this form, this plea of guilty with your attorney?
"MR. SMITH: Yes, I did.
"THE COURT: Did you go over each and every item?
"MR. SMITH: Yes.
"THE COURT: Did you understand it all?
"MR. SMITH: Yes, I do."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Question 11 of the guilty plea form to which defendant referred states the following:

"11. Do you understand you have the right to testify at the trial if you want to testify or you have the right to remain silent and need not incriminate yourself, and do not have to take the witness stand in your own defense, and that the prosecution cannot comment upon your failure to do so and that no inferences adverse to you may be drawn if you choose not to testify?"

The defendant wrote the answer "Yes" in his own handwriting.

In *Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975), in effect the textbook on guilty plea proceedings, our Supreme Court stated it is mandatory that the defendant be advised of the so-called *Boykin-Jaworski*[1] rights, one of which is the right to remain silent. However, the Court amplifies:

"The primary purpose of subsection (d) is to impress on the accused that by his plea of guilty he waives his right to a trial. If it appears on the record that this purpose has been achieved, the omission of one or another of these rights, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal.

"On appeal the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents." 395 Mich 96, 122.

We also refer to the case of *People v Killing-*

---

[1] *Boykin v Alabama*, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

*beck,* 49 Mich App 380; 212 NW2d 256 (1973). Judge, now Justice, Fitzgerald, writing for a unanimous Court stated:

"The prearraignment questionnaire, acknowledged by defendant at the plea-taking and later at the postconviction review, constitutes a part of the record of equal dignity and effect as that transcribed in a verbal proceeding. In fact, the Supreme Court considered the written statements of defendants taken in connection with their guilty pleas as part of the record in *Jaworski, supra,* and *People v Butler,* 387 Mich 1, 12-13; 195 NW2d 268, 273-274 (1972). Reference to the prearraignment questionnaire indicates that defendant was substantially advised of his constitutional right against self-incrimination and his right to confrontation." 49 Mich App 380, 386.

We conclude that defendant was adequately advised of his constitutional rights so as to create a valid, knowing and voluntary plea of guilty.

Affirmed.