PEOPLE v LOCKETT

Docket No. 55747. Submitted September 17, 1981, at Lansing.—Decided November 17, 1981. Leave to appeal applied for.

James Lockett was convicted, on his plea of guilty, of armed robbery and of possession of a firearm during the commission of a felony, Oakland Circuit Court, William John Beer, J. Defendant appeals, alleging that the trial court failed to advise him of his right to question witnesses against him at a trial. At the plea-taking proceeding the defendant admitted that his attorney had informed him of all of his rights and acknowledged signing a form in which he had answered "yes" to a question asking whether he gave up his right to have the witnesses against him appear at a trial and to question those witnesses. *Held:*

The use of the form was not sufficient compliance with the court rule which requires that, when taking a plea, a trial court must personally address a defendant and tell him that by pleading guilty he is waiving his right to confront his accusers. Failure of a court to personally inform a defendant of this right mandates reversal.

Reversed.

DANHOF, C.J., dissented. He would hold that under the facts of this case the defendant was adequately informed of his right to question the witnesses against him.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS.

A defendant at a guilty-plea proceeding must be informed of his right to question witnesses against him, his right to a trial by jury and his right to remain silent (GCR 1963, 785.7).

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS — COURT RULES.

A trial court is required personally to tell a defendant at a guilty-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 479.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 473, 730.

plea proceeding that by pleading guilty he is waiving his right
to confront his accusers; a form signed by the defendant in
which he acknowledges the waiver of this right is not sufficient
to comply with the mandate of the court rule requiring the
judge personally to address the defendant (GCR 1963,
785.7[1][g][vi]).

DISSENT BY DANHOF, C.J.

3. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS.

A defendant who is pleading guilty, who acknowledges that he
was advised of all his rights by his attorney, and who acknowl-
edges signing a form in which he answered "yes" to a question
asking if he gives up his right to have the witnesses against
him appear at trial and ·to question those witnesses is ade-
quately informed of his right to confront witnesses against him.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James A. Cherry,* Assistant Prosecuting Attorney, for the people.

*Bruce J. Thorburn,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. The question presented in this case is to what extent a pre-designed form will satisfy the requirement that a trial judge inform a defendant at a plea-taking proceeding of his right to confront and cross-examine witnesses in accordance with GCR 1963, 785.7(1)(g)(v) and (vi).

Defendant pled guilty to one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to two years imprisonment on the felony-firearm count and from 5 to 15 years imprisonment on the armed robbery count, said sentences to run consecutively. The sole issue

raised on appeal is whether his guilty plea must be set aside because the trial court failed to advise defendant of his right to question witnesses against him.

We note at the outset that a defendant's right to question witnesses against him, along with the right to a trial by jury and the right to remain silent, comprise the three so-called *Jaworski* rights. *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). These rights may not be omitted from the plea proceedings. *Guilty Plea Cases,* 395 Mich 96, 121-122; 235 NW2d 132 (1975).

The people concede that the defendant is correct in asserting that the record does not indicate an explicit query from the trial judge as to whether defendant expressly waived his right to confront and question the witnesses against him. However, the record does indicate that defendant admitted being advised of all his rights by his attorney. Defendant also acknowledged signing a plea-taking form and that everything contained in the form was true. Question 10 of the plea-taking form asked defendant if he understood that by pleading guilty he gave up his right "[t]o have the witnesses against you appear, at trial, and to question those witnesses". The word "yes" was penned in next to question 10.

The people cite the case of *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980), in support of the argument that substantial compliance is all that is necessary to a meaningful plea and specific ritualistic advice from the mouth of the judge to the ear of the defendant is not mandated even as to a waiver of *Jaworski* rights. We are unable to interpret the court rule and the cases decided by the Supreme Court in *Guilty Plea Cases* and thereafter as expressing or implying such a holding. We

are forced to disagree with the conclusion reached by the panel in *People v Smith, supra.* We would readily salute a return to the former practice which relied on the integrity of the attorney to advise an accused of the rights he was waiving in tendering a guilty plea, but until the Supreme Court dismantles the rigid construction of court Rule 785 we are left to count trees and not see forests.

In *Guilty Plea Cases, supra,* the Court stated that a failure to "inform" a defendant of his *Jaworski* rights required reversal of defendant's guilty plea. The question presented by this case is whether a trial court can rely on a plea-taking form to "inform" a defendant of his right to confront his accusers. We think the Supreme Court intended it could not.

GCR 1963, 785.7(1)(g)(vi) requires that the trial court, speaking directly to the defendant, tell him that by pleading guilty he is waiving his right to confront his accusers. The requirement that the judge personally address defendant has a two-fold purpose. First, it allows the judge to observe defendant's demeanor and the manner in which he replies to the court's questions. Second, it reinforces the fact that pleading guilty is a serious occasion at which defendant sheds his presumption of innocence and assumes the onus of a convicted felon. *Guilty Plea Cases, supra,* 122, *People v Napier,* 69 Mich App 46, 48; 244 NW2d 359 (1976). On previous occasions, we have reversed a guilty plea where the trial judge relied on a plea form rather than speaking directly to the defendant as required by GCR 1963, 785.7(1). *Napier, supra,* 49, *People v Atkins,* 60 Mich App 380, 381; 230 NW2d 443 (1975), *People v Jones,* 58 Mich App 231, 232; 227 NW2d 297 (1975).

In this case, defendant was orally informed on the record of all his *Jaworski* rights except his right to confront his accusers. The prosecution argues that a plea form, signed the same day defendant pled guilty, contained a waiver of his right and demonstrated that defendant knew he was waiving his right to confront his accusers. We have no doubt that the people are correct. However, the argument ignores the wording of GCR 1963, 785.7(1), which clearly mandates that the trial judge speak directly to defendant telling him that he is waiving his right to confront his accusers. The court rule intends the procedure be vested with a solemnity that is missing if a plea form is allowed to take the place of the formal recital of rights by the trial judge. As we read the rule and the authorities, reversal is mandated for failure of the trial court to personally inform defendant that he was waiving a *Jaworski* right, in this case, the right to confront his accusers. Substantial compliance there was, satisfaction of the Supreme Court mandate there was not.

Reversed.

BRONSON, J., concurred.

DANHOF, C.J. *(dissenting).* I respectfully dissent. On the authority of *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980), I would hold, under the facts of this case, defendant was adequately informed of his right to question witnesses against him.