PEOPLE v LEE

Docket No. 53839. Submitted May 6, 1981, at Lansing.—Decided January 5, 1982.

David Lee pled guilty in Oakland Circuit Court to a charge of manslaughter and was sentenced, William J. Beer, J. Defendant appeals. *Held:*

The plea-taking court did not personally apprise defendant of most of the rights he would be waiving by pleading guilty, as mandated by the court rules. Defendant's conviction is reversed.

Reversed and remanded.

R. M. DANIELS, J., concurred in the result only. He does not agree with the majority view that a detailed guilty plea form such as that executed by defendant can never by utilized to remedy the failure of a plea-taking judge to inform a defendant orally of one or another of the rights enumerated in the court rules. He is of the opinion, however, that the cumulative magnitude of the trial court's error in not ascertaining from defendant all of the elements of voluntary manslaughter, thereby failing to establish an adequate factual basis for the crime to which defendant pled guilty, taken together with its error in neglecting to apprise defendant personally of any of the rights set forth in the court rules compels reversal.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A trial judge, prior to accepting a plea of guilty, must personally inform the defendant of the rights he will be waiving by making the plea; failure to do so is reversible error (GCR 1963, 785.7).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 473.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

CONCURRENCE BY R. M. DANIELS, J.

2. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

*A detailed guilty plea form may, in certain circumstances, be utilized to remedy the failure of a plea-taking judge to inform a defendant orally of one or another of the rights enumerated in the court rules which the defendant waives by pleading guilty (GCR 1963, 785.7[1][g], 785.7[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Rubiner,* for defendant on appeal.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

BRONSON, J. Defendant pled guilty in the Oakland County Circuit Court to a charge of manslaughter. MCL 750.321; MSA 28.553. Imposition of sentence was delayed for approximately 11 months. Defendant was ultimately sentenced to serve a term of imprisonment of from 7-1/2 to 15 years.

We find the second issue raised by defendant to be dispositive and reverse his conviction. The plea-taking court did not personally apprise defendant of most of the rights he would be waiving by his plea of guilty, as mandated by GCR 1963, 785.7. The omitted rights included all of the *Jaworski*[1] rights. Instead, the plea was accepted after defendant acknowledged executing a plea form and that he understood what rights he was waiving by pleading guilty. While we have little doubt that defendant did indeed understand the rights he was giving up by pleading guilty, the rule is clear that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

the trial court must personally inform defendant of the rights he will be waiving by his plea. Our views are in accordance with those expressed by our colleagues in *People v Jones,* 58 Mich App 231; 227 NW2d 297 (1975), *People v Atkins,* 60 Mich App 380; 230 NW2d 443 (1975), and *People v Napier,* 69 Mich App 46; 244 NW2d 359 (1976).[2]

Reversed and remanded.

M. J. KELLY, P.J., concurred.

R. M. DANIELS, J. *(concurring in result only).* I agree that under the present facts defendant's plea-based conviction must be set aside. I do not agree with the majority opinion insofar as it holds that a detailed guilty plea form such as that executed by defendant in the case at bar can never be utilized to remedy the failure of a plea-taking judge to inform a defendant orally of one or another of the rights enumerated under GCR 1963, 785.7(1)(g) or 785.7(2).

In the case at bar, the lower court did not ascertain from defendant all of the elements of voluntary manslaughter and thus failed to establish an adequate factual basis for the crime to which defendant pled. GCR 1963, 785.7(3)(a). In addition, the judge neglected to apprise defendant personally of many of the rights set forth in subrule 785.7. The cumulative magnitude of these errors compels reversal.

However, if the sole error in this case had been

---

[2] We note that *Atkins* relied on *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), as support for its holding. While the *Shekoski* holding that strict, literal compliance with GCR 1963, 785.7 is always required was overruled by *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), we agree with the *Napier* panel that exclusive reliance on plea forms does not constitute adequate compliance with the court rule.

the trial court's inadvertent failure orally to inform defendant of an enumerated right, I would have voted to affirm defendant's conviction under the rationale of *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980), which I endorse. See also Chief Judge DANHOF's dissenting opinion in *People v Lockett,* 111 Mich App 405, 409; 314 NW2d 640 (1981). I disagree with the present majority opinion to the extent it holds contrariwise.