PEOPLE v TALLIEU

Docket No. 71307. Submitted October 13, 1983, at Lansing.—Decided
February 21, 1984.

Stanley F. Tallieu was convicted of driving a vehicle while under
the influence of intoxicating liquor, third offense, Lapeer Cir-
cuit Court, Norman A. Baguley, J. The defendant appealed and
the Court of Appeals in an unpublished per curiam opinion
(Docket No. 58882, decided January 25, 1983) remanded the
case to the circuit court for an evidentiary hearing to deter-
mine whether one of the defendant's prior convictions was
based on a constitutionally defective guilty plea. The circuit
court, Norman A. Baguley, J., held that the prior conviction
was not constitutionally infirm and was a proper basis for the
defendant's conviction as a third offender. The defendant again
appealed. *Held:*

The defendant's prior conviction was based on his pleading
guilty in district court. That conviction is constitutionally
infirm. The district judge erred in not engaging in any colloquy
explaining the rights that the defendant was waiving. Because
the plea which formed the basis of the prior conviction was
invalid, the conviction may not be used as a basis for the
defendant's conviction as a third offender.

Reversed and remanded.

DANHOF, C.J., dissented. He would not find that the prior
conviction was constitutionally infirm. He believed that a dis-
trict judge is not required to orally explain the rights a defen-
dant is waiving by pleading guilty. He believed that the defen-
dant was advised of his rights and was given ample opportunity
to question the court regarding any misunderstanding that he
may have had. He would affirm the defendant's conviction.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 470-473.

Validity of guilt pleas—Supreme Court cases. 25 L Ed 2d 1025.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[5] 21 Am Jur 2d, Criminal Law § 433 *et seq.*

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A judge, prior to accepting a plea of guilty, must personally inform the defendant of the rights he will be waiving by making the plea and engage in a colloquy on the record explaining the waiver; failure to do so is error requiring reversal (GCR 1963, 785.7; DCR 785.4).

2. CRIMINAL LAW — GUILTY PLEAS.

The purpose of requiring a court taking a plea of guilty to personally address the defendant concerning the rights he is waiving by pleading guilty is twofold: (1) it gives the plea-taking court an opportunity to observe the defendant's demeanor and the manner in which he replies to the court's questions, and (2) it reinforces the fact that pleading guilty is a serious occasion at which the defendant sheds his presumption of innocence and assumes the burden of being convicted; to permit a defendant to waive the recital of his rights lessens the impact of the occasion and reduces the dignity of the judicial system.

DISSENT BY DANHOF, C.J.

3. CRIMINAL LAW — GUILTY PLEAS — DISTRICT COURT — COURT RULES.

*A district court judge, prior to accepting a plea of guilty, need not orally explain to the defendant the rights he is waiving by pleading guilty; a writing so indicating is sufficient (DCR 785.3, 785.4[d]).*

4. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS — APPEAL.

*The Court of Appeals, when reviewing the issue of whether a defendant who pled guilty was properly informed of his rights, should not reverse the conviction where it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and to such rights and incidents.*

5. CRIMINAL LAW — ARRAIGNMENTS — COURT RULES.

*A defendant, at the time of his arraignment in district court, must be informed of: (1) the name of the offense for which he is charged; (2) the maximum sentence permitted by law; (3) the mandatory minimum sentence, if any, (4) his rights to the assistance of a lawyer and to a trial, and (5) unless he is*

*charged under an ordinance that does not correspond to a criminal statute or permit a jail sentence, to a trial by a jury (DCR 785.4[a]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nick O. Holowka,* Prosecuting Attorney, and *Gary W. Rapp,* Assistant Prosecuting Attorney, for the people.

*Duckwall, Nowak, Poniatowski & Morgan* (by *Donald H. Poniatowski),* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and W. R. PETERSON,* JJ.

PER CURIAM. Defendant was convicted by a jury of driving a vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625; MSA 9.2325. Following an initial appeal, the trial court held an evidentiary hearing regarding the validity of a prior conviction. Defendant now appeals as of right from the trial court's order adjudging the prior conviction a proper basis for the conviction as a third offender.

Defendant had pled guilty to driving a vehicle while under the influence of intoxicating liquor at a district court proceeding in 1977, without counsel representing him. At that plea-taking proceeding he received a form explaining the rights which he was waiving, but the trial court did not engage in any colloquy explaining the waiver. We find that the omission of such a colloquy was improper and that it renders the plea-taking for the prior conviction constitutionally infirm. See *People v Taylor,* 89 Mich App 238; 280 NW2d 500 (1979); *People v Lee,* 112 Mich App 194; 315 NW2d 896 (1982).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Our conclusion that a colloquy is contemplated derives from the language of DCR 785.4. GCR 1963, 785.7, specifically provides that "the court shall personally carry out" the imparting of information at a plea-taking proceeding. Plaintiff argues that absence of this phrase from DCR 785.4 indicates that a colloquy is not mandated in the district court. Although this phrase does not appear in the district court rule, the language nonetheless evinces an intent to mandate a colloquy at a district court plea-taking proceeding.

DCR 785.3 provides:

"Unless a writing is permitted, a verbatim record of the proceedings before a judge under subrules 785.4 to 785.6 must be made."

DCR 785.4 provides:

"Arraignment, District Court Offenses.
"(a) Whenever a defendant is arraigned on an offense over which the district court has jurisdiction, he must be informed of
"(1) the name of the offense charged;
"(2) the maximum sentence permitted by law;
"(3) the mandatory minimum sentence, if any; and
"(4) his right
"(A) to the assistance of a lawyer and to a trial;
"(B) (if subrule 785.4[b] applies) to an appointed lawyer; and
"(C) (unless he is charged under an ordinance that does not correspond to a criminal statute or permit a jail sentence) to a trial by jury.
*"The information may be given in a writing that is made a part of the file, or by the court on the record.*
"(b) An indigent defendant has a right to an appointed lawyer whenever
"(1) the offense charged is punishable by more than 90 days in jail;

"(2) the offense charged requires on conviction a minimum term in jail; or

"(3) the court determines that it might sentence him to jail.

"If an indigent defendant is without a lawyer and has not waived his right to an appointed lawyer, the court may not sentence him to jail.

"(c) The right to the assistance of a lawyer, to an appointed lawyer, or to a trial by jury is not waived unless the defendant

"(1) has been informed of the right; and

"(2) has waived it in a writing that is made a part of the file *or orally on the record.*

"(d) Prior to accepting a plea of guilty or nolo contendere, the court shall

"(1) advise the defendant that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial;

"(2) determine that the plea is voluntary; and

"(3) establish support for a finding that defendant is guilty of the offense charged or the offense to which the defendant is pleading.

"The court may not accept the plea unless it is convinced that the plea is understanding, voluntary, and accurate." (Emphasis added.)

The rule states that the only information which the district court has the option of imparting in a writing (other than when taking a plea by mail, DCR 785.4[e]) is that contained in DCR 785.4(a). A verbatim record must be made of the remainder of the proceedings listed in DCR 785.4 to 785.6, one of which is the taking of a guilty plea.

The dissenting opinion interprets a "verbatim record" to mean either a recording of spoken words or the inclusion of written forms in the file. Such an interpretation renders pointless the specific exception of DCR 785.4(a) from the rest of the rule. The option of communicating the information "in a writing that is made a part of the file" is not

available to the district court when it advises the defendant of the consequences of pleading guilty; instead, the information must be given "by the court on the record".

The purpose of DCR 785.4(d)(1) is not different from that of its circuit court counterpart, GCR 785.7: to provide adequate advance notice of rights which are waived by virtue of a plea.

"The purpose of requiring the court to personally address the defendant is two-fold.

"First, it gives the plea-taking court an opportunity to observe the defendant's demeanor and the manner in which he replies to the court's questions.

"Second, it reinforces the fact that pleading guilty is a serious occasion at which the defendant sheds his presumption of innocence and assumes the burden of being [convicted] * * *. To permit the defendant to waive the recital of his rights lessens the impact of the occasion and reduces the dignity of the judicial system." *People v Napier,* 69 Mich App 46, 48-49; 244 NW2d 359 (1976), *lv den* 397 Mich 849 (1979).

A defendant's constitutional right to adequate notice should not depend upon the mere fact that he has pleaded in district rather than circuit court. The potential for an unknowing waiver of rights was enhanced here by the fact that defendant was not represented by counsel.

Since the plea which formed the basis of the prior conviction was invalid, the conviction, in turn, may not properly be used here as the basis for defendant's conviction as a "third offender". Accordingly, we reverse the trial court order adjudging the prior conviction to have been a proper basis for conviction as a third offender.

Reversed and remanded.

DANHOF, C.J. *(dissenting).* I dissent from the

majority's reversal of defendant's third-offender conviction as I do not find the 1977 district court conviction to be constitutionally infirm. The use of the plea-taking form does not invalidate defendant's conviction, in my view.

The version of DCR 785.4(d) originally proposed by the Supreme Court provided:

"(d) Prior to accepting a plea of guilty or nolo contendere, the court shall personally carry out the following:

"(1) speaking directly to the defendant, the court shall tell him that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial;

"(2) by questioning the defendant, the court shall

"(A) determine that the plea is voluntary, and

"(B) establish support for a finding that he is guilty of the offense charged.

"The court shall not accept the plea unless it is convinced that the plea is understanding, voluntary, and accurate."

The language providing that the court shall "personally carry out the following" was deleted prior to the enactment of the rule. DCR 785.4(d) is thus substantially different from GCR 1963, 785.7, which requires: "the court shall personally carry out subrules 785.7(1)-(4)." The difference in the two rules, especially considering the fact that the "personally carry out" language was considered for DCR 785.4(d) and abandoned, leads me to conclude that the district court rule does not require oral explanation by the judge of the rights defendant is waiving by pleading guilty.

Defendant relies upon DCR 785.3 in his argument that the judge is required to inform defendant orally of his rights under subsection 785.4(d). Subsection 785.3 requires:

"Unless a writing is permitted, a verbatim record of the proceedings before a judge under subrules 785.4 to 785.6 must be made."

I interpret subsection 785.3 to require that a record be made of a defendant's arraignment and sentencing in district court.

For purposes of review of an arraignment or sentencing, a complete record is necessary, either by recording spoken words or by including written forms in the court file. DCR 785.3 was not violated here, as the written form received and signed by defendant is included in the court file.

I am in agreement with the reasoning expressed in this Court's opinion in *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980). In *Smith,* the Court examined the purpose behind GCR 1963, 785.7(d), as expressed by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975):

" 'The primary purpose of subsection (d) is to impress on the accused that by his plea of guilty he waives his right to a trial. If it appears on the record that this purpose has been achieved, the omission of one or another of these rights, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal.

" 'On appeal the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents.' " *Smith, supra,* p 60.

See also *People v Lockett,* 111 Mich App 405, 409; 314 NW2d 640 (1981), *rev'd* 413 Mich 868 (1982) (DANHOF, C.J., *dissenting).* In my view, the primary purpose of DCR 785.4(d) was met here. Defendant

was given a comprehensive, clearly written form which explained all the rights inherent in the trial which would be waived by a plea of guilty.

The circumstances of defendant's 1977 conviction particularly persuade me that defendant was properly informed of his rights prior to pleading guilty. At a hearing on September 6, 1977, defendant was arraigned, his guilty plea was accepted, and sentence was pronounced by the district court judge. DCR 785.4(a) requires that a defendant be informed at arraignment of:

"(1) the name of the offense charged;

"(2) the maximum sentence permitted by law;

"(3) the mandatory minimum sentence, if any; and

"(4) his right

"(A) to the assistance of a lawyer and to a trial;

"(B) (if subrule 785.4[b] applies) to an appointed lawyer; and

"(C) (unless he is charged under an ordinance that does not correspond to a criminal statute or permit a jail sentence) to a trial by jury."

The final sentence of subsection (a) provides: "The information may be given in a writing that is made a part of the file, or by the court on the record." Defendant here was given the above information in written form. At the same proceeding, the judge then asked defendant if he wished the rights form to be read to him. Defendant declined. The following colloquy then occurred:

"*The Court:* All right. As I indicated the maximum penalty is 90 days—or is one year in jail, and/or $1000.00 fine. Have you read the right's form?

"*Mr. Tallieu:* Yes, sir.

"*The Court:* Sign it and date it, to show that you've read and understand it. Do you have any questions?

"*Mr. Tallieu:* No, sir.

*"The Court:* Understanding these things, are you prepared to enter a plea, and if so, what is your plea?

*"Mr. Tallieu:* Guilty.

*"The Court:* You're pleading guilty because in fact, you are guilty?

*"Mr. Tallieu:* Yes, sir.

*"The Court:* No one has promised you anything, or threatened you in any manner, or coerced you to get you to enter the plea?

*"Mr. Tallieu:* No, sir."

The judge then went on to establish a factual basis for defendant's plea. The record indicates that defendant was advised of his rights and was given ample opportunity to question the court regarding any misunderstanding he may have had. I find no error in the district court proceeding and would affirm defendant's third-offender conviction.