# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

             Plaintiff-Appellant,

v

SALAH AL-SHARA,

             Defendant-Appellee.

FOR PUBLICATION
August 18, 2015
9:05 a.m.

No. 320209
Wayne Circuit Court
LC No. 13-008152-AR

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

HOEKSTRA, P.J.

The prosecution appeals by leave granted a circuit court order vacating defendant's *nolo contendere* plea. Because the district court failed to advise defendant of his *Jaworski*[1] rights during the plea proceedings as required by MCR 6.610(E)(4) and the trial court thus abused its discretion by denying defendant's motion to set aside defendant's plea, we affirm.

As a result of an incident with his wife at a restaurant on May 27, 2013, defendant was charged with one count of domestic violence under MCL 750.81(2). The prosecution offered defendant a plea agreement, which he accepted. Pursuant to this agreement, defendant would plead no contest to one count of domestic violence in exchange for a sentence consisting of one year of probation with credit for two months of probation already served and no jail time. It is uncontested that, on May 31, 2013, defendant signed a written "pre-trial conference summary" form detailing the terms of the plea agreement.[2] This form, signed by defendant, also included the following waiver of defendant's trial rights:

> I HEREBY ACCEPT THE ABOVE AGREEMENT AND WAIVE THE FOLLOWING RIGHTS:

---

[1] *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

[2] Although we do not have the benefit of the district court file, this document appears as an attachment to a document submitted by the prosecutor in circuit court. The parties do not contest that this document was signed by defendant.

-1-

1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.

2. THE RIGHT TO BE PRESUMED INNOCENT UNLESS PROVEN GUILTY BEYOND A REASONABLE DOUBT.

3. THE RIGHT TO CONFRONT AND QUESTION THE WITNESSES AGAINST ME.

4. THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.

5. THE RIGHT TO TESTIFY AT MY TRIAL. THE RIGHT TO REMAIN SILENT AND NOT HAVE MY SILENCE USED AGAINST ME.

6. THE RIGHT TO BE REPRESENTED BY A LAWYER, AND THE RIGHT TO HAVE THE COURT APPOINT A LAWYER TO REPRESENT ME IF I AM INDIGENT AND MEET CERTAIN CONDITIONS.

On May 31, 2013, the district court held a hearing, during which the parties indicated that they had come to a resolution in the case and that defendant wished to enter a no contest plea. After recounting the terms of the agreement and confirming that defendant realized the plea would constitute a violation of a previous order of probation entered in another case, the district court concluded that there was factual support for defendant's plea in the contents of an incident report dated May 27, 2013. In terms of advising defendant of the rights he waived by entering a plea, the trial court then engaged in the following brief colloquy:

> [*District Court*]: [Defendant,] are you giving up your Constitutional Rights to a trial by judge or jury in this case?
>
> [*Defendant*]: Yes, Your Honor.
>
> [*District Court*]: Is anybody forcing you into this in any way whatsoever, [defendant]?
>
> [*Defendant*]: No, Your Honor.
>
> [*District Court*]: Very well. The Court will accept the plea of no contest on 13S01020[;] we will enter a finding of a probation violation on 12S0273.

Once the district court accepted defendant's plea, the district court immediately proceeded to sentencing and sentenced defendant in accordance with the plea agreement reached by the parties.

On August 9, 2013, defendant filed a timely motion in the district court to withdraw his plea. In relevant part, defendant asserted that he should be permitted to withdraw his plea because the trial court failed to advise defendant of his rights as required under MCR 6.610(E). According to defendant, this obvious error affected his substantial rights and merited the setting aside of his plea.

The district court disagreed and denied defendant's motion. The district court reasoned that, based on a review of the proceedings as a whole, there was not a deviation from the court rule affecting defendant's substantial rights that would constitute a miscarriage of justice as required to set aside defendant's plea after conviction and sentencing under *People v Ward*, 459 Mich 602, 614; 594 NW2d 47 (1999), opinion corrected on denial of reh 460 Mich 1204 (1999). In reaching this conclusion, the district court characterized any deviation from the court rules as a mere "technical failure." The district court further reasoned that defendant was not harmed by this "technical failure" because defendant signed a written form advising him of his rights, defendant was "not a stranger to court proceedings," defendant had failed to provide an affidavit attesting to the fact that defendant actually failed to understand his rights and, in actuality, defendant's real motivation in seeking to set aside the plea was simply to avoid the probation violation consequences arising in his other case. In these circumstances, the trial court concluded that defendant had not shown a miscarriage of justice arising from the plea proceedings and was thus not entitled to have his plea set aside.

After the district court denied defendant's motion, defendant filed a claim of appeal in Wayne Circuit Court, again asserting that his plea should be set aside because the district court failed to comply with MCR 6.610(E). The circuit court concluded that, applying a substantial compliance standard, the plea taking process in this case was "clearly defective" because defendant had not been advised of his rights on the record and the district court had failed to reference the form signed by defendant to confirm that it had been read and understood by defendant as required by MCR 6.610(E)(4). Because the rights omitted by the district court included defendant's constitutional rights as set forth in *Boykin*[3] and *Jaworski*, the circuit court concluded that the plea was invalid, this error could not be corrected on remand, and that defendant was, therefore, entitled to withdraw his plea. For this reason, the circuit court vacated defendant's plea and remanded to the district court for a trial. Following the circuit court's decision, the prosecutor filed an application for leave to appeal in this Court, which we granted.[4]

On appeal, the prosecutor argues that the circuit court erred by vacating defendant's plea because the district court substantially complied with MCR 6.610(E) and defendant has not shown that any deviation from the court rule affected his substantial rights. Instead, according to the prosecution, any errors committed by the district court were minor and the combination of written and oral waivers utilized during the proceedings served to adequately advise defendant of his rights. Because there is no indication that defendant failed to actually understand his rights, the prosecutor maintains that defendant has not shown error affecting his substantial rights or a miscarriage of justice. In these circumstances, the prosecutor asserts that the district court did not abuse its discretion by denying defendant's motion to withdraw his plea.

A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). An abuse of discretion

---

[3] *Boykin v Alabama*, 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

[4] *People v Al-Shara*, unpublished order of the Court of Appeals, entered April 18, 2014 (Docket No. 320209).

occurs when the trial court's decision falls outside the range of principled outcomes. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011). A trial court also necessarily abuses its discretion when it makes an error of law. *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). To the extent resolution of this case poses questions of constitutional law or requires interpretation of the court rules our review is de novo. *People v Clement*, 254 Mich App 387, 389-390; 657 NW2d 172 (2002).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). Nonetheless, when there has been a defect in the plea-taking process, a defendant may seek to set aside his or her plea. See *Brown*, 492 Mich at 693; *People of City of Livonia v Jasik*, 393 Mich 439, 442; 224 NW2d 838 (1975). Withdrawals of pleas entered in district court in particular are governed by MCR 6.610(E)(8), which states:

> (a) A defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules. Such a motion may be made either before or after sentence has been imposed. After imposition of sentence, the defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal under MCR 7.105[G](2).

> (b) If the trial court determines that a deviation affecting substantial rights occurred, it shall correct the deviation and give the defendant the option of permitting the plea to stand or of withdrawing the plea. If the trial court determines either a deviation did not occur, or that the deviation did not affect substantial rights, it may permit the defendant to withdraw the plea only if it does not cause substantial prejudice to the people because of reliance on the plea.

> (c) If a deviation is corrected, any appeal will be on the whole record including the subsequent advice and inquiries.

As this rule makes plain, a defendant may seek to withdraw his or her district court plea for noncompliance with the plea-taking requirements set forth in the court rules, but to succeed on such a motion, a defendant must demonstrate that a deviation affecting substantial rights occurred. See MCR 6.610(E)(8)(b). Given the requirements of the court rule for setting aside a plea, the question before us in this case is twofold: whether the trial court deviated from the court rules governing the plea-taking process and, if so, whether this deviation entitles defendant to set aside his plea.

The process for accepting a plea in district court is set forth in MCR 6.610(E). Under this rule, before accepting a plea of guilty or nolo contendere, the district court has an obligation to determine that the plea is "understanding, voluntary, and accurate." MCR 6.610(E)(1). See also *Brown*, 492 Mich at 693. To be voluntary and understanding, a defendant must be made aware of the rights he waives by entering a plea as well as the direct consequences of a plea. See *People v Cole*, 491 Mich 325, 332-333; 817 NW2d 497 (2012). Only when a defendant is sufficiently made aware of his trial rights and the direct consequences of a plea can a defendant

make a voluntary and intelligent choice between the alternative courses of action available. See *id.*, citing *N Carolina v Alford*, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970).

Of particular relevance to the present case, "[a] no-contest or a guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers."[5] *Cole*, 491 Mich at 332. Because a defendant waives these rights by entering a plea, "the defendant must be informed of these three rights, for without knowledge he cannot understandingly waive those rights." *Jaworski*, 387 Mich at 29. While there are other rights of which a defendant must also be informed, these three rights, often referred to in Michigan as "the *Jaworski* rights," were given preeminent importance in plea proceedings by the United States Supreme Court in *Boykin*, 395 US at 243; and, in *Jaworski*, 387 Mich at 31, the Michigan Supreme Court later determined that a felony conviction entered pursuant to a plea must be set aside if the defendant was not advised of his rights to a jury trial, to confront his accusers, and to remain silent. As a matter of policy, these advice of rights requirements were imported into the district court context in 1988 via the court rules, such that a district court must, like a circuit court, advise a defendant pleading to a misdemeanor of these *Jaworski* rights at the plea proceedings. See *People v Yost*, 433 Mich 133, 140; 445 NW2d 95 (1989).

In particular, among other rights and information, MCR 6.610(E)(3) specifically requires the district court to inform a defendant of the *Jaworski* rights he or she will waive by entering a plea. The rule states:

> (3) The court shall advise the defendant of the following:
>
> (a) the mandatory minimum jail sentence, if any, and the maximum possible penalty for the offense,
>
> (b) that if the plea is accepted the defendant will not have a trial of any kind and that the defendant gives up the following rights that the defendant would have at trial:

---

[5] These constitutional rights also exist in the context of misdemeanor offenses. See, e.g., *Berkemer v McCarty*, 468 US 420, 433; 104 S Ct 3138; 82 L Ed 2d 317 (1984) (constitutional prohibition on compelled self-incrimination, as safeguarded through provision of *Miranda* warnings, applied to misdemeanors as well as felonies); *D.C. v Clawans*, 300 US 617, 630; 57 S Ct 660; 81 L Ed 843 (1937) (reversal required where the misdemeanor defendant was denied opportunity for cross-examination); *People v Antkoviak*, 242 Mich App 424, 480-482; 619 NW2d 18 (2000) (constitutional right to a jury trial for misdemeanor offenses in Michigan under Const. 1963, art. 1, § 20); Const. 1963, art. 1, § 20. See also *Pointer v Texas*, 380 US 400, 405; 85 S Ct 1065; 13 L Ed 2d 923 (1965) ("There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.").

(i) the right to have witnesses called for the defendant's defense at trial,

(ii) the right to cross-examine all witnesses called against the defendant,

(iii) the right to testify or to remain silent without an inference being drawn from said silence,

(iv) the presumption of innocence and the requirement that the defendant's guilt be proven beyond a reasonable doubt. [MCR 6.610(E)(3).]

Regarding the manner in which this information may be imparted, MCR 6.610(E)(4) directs that a defendant may be informed of these rights as follows:

(a) on the record,

(b) in a writing made part of the file, or

(c) in a writing referred to on the record.

If the court uses a writing pursuant to subrule (E)(4)(b) or (c), the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights. The waiver may be obtained without repeating the individual rights.

Given the plain language of MCR 6.610(E)(4), it is clear that a defendant may be advised of his rights either in writing or on the record. Either manner is sufficient. However, whatever manner is used, the rule makes plain that there must be some on the record colloquy with a defendant regarding his rights to ensure that he has been advised of those rights. That is, even if a defendant is advised of his rights in writing, the rule mandates that "*the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights*." MCR 6.610(E)(4) (emphasis added). The trial court need not necessarily reiterate each of defendant's individual rights on the record, but it must, at a minimum, verify that defendant did in fact read and understand those rights. MCR 6.610(E)(4). In the absence of such a colloquy on the record, intelligent waiver of these important rights cannot be presumed. See *Jaworski*, 387 Mich at 29.

When considering whether a trial court complied with the court rules governing plea proceedings and whether any deviation entitles a defendant to reversal of his or her plea, we review the trial court's observance of the court rules detailing the procedures for taking a plea under the doctrine of "substantial compliance."[6] *People v Saffold*, 465 Mich 268, 273; 631

---

[6] When reviewing defendant's motion to set aside its plea, the district mistakenly relied on *Ward*, 459 Mich at 611-614, wherein the Court did not apply the doctrine of substantial compliance but instead emphasized that withdrawal of a guilty plea after conviction and sentencing is disfavored and subject to a showing of a miscarriage of justice. Like the circuit court, we instead conclude that *Safford*, not *Ward* controls the instant dispute. That is, *Ward* was decided before the

NW2d 320 (2001). Under this doctrine, literal or "talismanic" compliance with the court rules is not required. See *id.* at 280; *In re Guilty Plea Cases*, 395 Mich 96, 124; 235 NW2d 132 (1975). Instead, reviewing courts consider the record to determine whether "the judge informed the defendant of the constitutional and other rights delineated in the rule in such manner as reasonably to warrant the conclusion that the defendant understood what a trial is and that by pleading guilty he was knowingly giving up his right to a trial and the rights and incidents of a trial." *In re Guilty Plea Cases*, 395 Mich at 124. When applying this standard, there must, however, be consideration of the preeminence given the *Jaworski* rights, and it remains the rule in Michigan that failure to advise a defendant of his *Jaworski* rights during the plea proceedings mandates automatic reversal and the setting aside of the plea. See *Saffold*, 465 Mich at 273, citing *Jaworski*, 387 Mich at 21; *People v Plumaj*, 284 Mich App 645, 650; 773 NW2d 763 (2009). Omission of a *Jaworski* right requires automatic reversal because a valid waiver of these important *Jaworski* rights cannot be presumed from a silent record, *Jaworski*, 387 Mich at 29, and this type of "*Jaworski* defect cannot be corrected on a remand," *In re Guilty Plea Cases*, 395 Mich at 121. Consequently, when considering the plea proceedings, "[t]o determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a '*Jaworski* right.'" *Saffold*, 465 Mich at 273.

> If a *Jaworski* right is omitted from the plea proceedings, then reversal is mandated. However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal. [*Saffold*, 465 Mich at 273-274.][7]

---

amendment of MCR 6.610 and MCR 7.103 to include time constraints for challenging plea-based convictions in district court. See *Ward*, 459 Mich at 614-615. The foundation of *Ward*'s reasoning was that "long delayed direct appeals," such as the appeal in that case brought more than twelve months after judgment, were to be "deemed collateral." *Id.* at 614. Collateral attacks on a plea-based conviction—of the type described in *Ward*—have long been disfavored because the procedural safeguards provided for in *Boykin* and *Jaworski* "must at some point be balanced with considerations of finality and administrative consequences in order to best achieve proceedings that are consistent with rudimentary demands of fair procedure." *People v Ingram*, 439 Mich 288, 298; 484 NW2d 241 (1992). Because the present case involves a timely motion to set aside a plea in accordance with the temporal restraints set forth in MCR 6.610(E)(8), the present case is not a collateral attack subject to review under *Ward*, and is instead properly considered under the principles of *Safford*.

[7] Although *Safford* and *In re Guilty Plea Cases* applied the doctrine of substantial compliance when analyzing the procedures for pleas to felony charges in circuit courts, we think it appropriate to also apply this doctrine by analogy to the acceptance of misdemeanor pleas in district court under MCR 6.610. While MCR 6.610 is not identical to its circuit court counterpart, MCR 6.302, the rules nonetheless share many common features and the same overarching aim to inform a defendant of the rights waived by entering a plea as well as the consequences of a plea. Hence, we are persuaded that, analogous to a circuit court, a district court need not engage in the colloquy described in MCR 6.610 verbatim; but it must substantially comply with the rule. And, as in the circuit court, whether reversal is required will

In this case, defendant's *Jaworski* rights are clearly implicated. At the plea hearing, the district court appropriately referenced defendant's right to a jury trial but wholly failed to inform defendant of his right to remain silent and his right to confront his accusers. See MCR 6.610(E)(3)(b). The district court also failed to make any reference to defendant's execution of a written advice of rights or to verify that defendant actually read and understood the rights imparted on the form he signed. See MCR 6.610(E)(4). Moreover, these rights were not mentioned by anyone else on the record in the hearing of the district court and defendant. See *Saffold*, 465 Mich at 278-280; *In re Guilty Plea Cases*, 395 Mich at 114-115, 122. Given this total omission of two of the three *Jaworski* rights from the record of the plea proceedings, it follows that defendant is automatically entitled to set aside his plea. See *Saffold*, 465 Mich at 273-274, 281; *Jaworski*, 387 Mich at 31.

In contrast to this conclusion, the prosecutor maintains that defendant's uncontested signature on a written form advising him of these rights should be held to satisfy the "substantial compliance" standard with respect to MCR 6.610(E)(4) such that defendant should not be automatically entitled to set aside his plea. The obvious flaw with this "substantial compliance" argument is that it would in effect obviate the requirement that the court reference defendant's *Jaworski* rights on the record in some manner—either by enumerating those rights on the record or by verifying that defendant read a written advice of rights—in order to make sure that those rights were in fact read and understood by defendant. In other words, under MCR 6.610(E)(4), if a written form is used to inform a defendant of his or her rights, there are two mandatory requirements under the court rules: (1) a writing detailing the rights in question and (2) an oral colloquy regarding that writing on the record. When a court completely abdicates its obligation to personally discuss the writing with a defendant on the record, and the rights contained in the writing are not otherwise imparted to a defendant on the record during the plea proceedings, we fail to see how the district court can be said to have "substantially complied" with MCR 6.610(E)(4).[8] In these circumstances, the issue is not one of wording or phraseology with respect

depend on the type of noncompliance, bearing in mind that omission of *Jaworski* rights requires automatic reversal because such a defect is intrinsically harmful and cannot be corrected on remand. See generally *In re Guilty Plea Cases*, 395 Mich at 121; *Plumaj*, 284 Mich App at 649-650. Where a *Jaworski* right is not implicated, whether a deviation occurred is judged under the substantial compliance doctrine and, under MCR 6.610(E)(8), a defendant is only entitled to relief if the deviation affected his substantial rights.

[8] Interestingly, historically, this Court rejected even overt references to a written advice of rights form on the record by the trial court as satisfying the requirement that a trial court personally address a defendant when apprising him or her of rights waived by entering a plea. See, e.g., *People v Napier*, 69 Mich App 46, 46-48; 244 NW2d 359 (1976) and cases therein. Such procedures are undoubtedly permissible under today's court rules. See MCR 6.302(B)(5); MCR 6.610(E)(4). However, it is clear from the court rule language that the personal address requirement nonetheless remains, see MCR 6.610(E)(4), and that this express requirement is distinct from, and cannot be satisfied solely by, a written form. Indeed, as we have observed *supra*, to allow a writing to satisfy both requirements would obviate the plain language of the court rules by effectively eliminating all necessity of an in-court reference to the written form during the plea proceedings.

to *Jaworski* rights to which substantial compliance applies, see, e.g., *In re Guilty Plea Cases*, 395 Mich at 124, but rather omission, insofar as, by failing to enumerate defendant's rights or, in lieu of itemizing those rights, to reference the form executed by defendant, the trial court wholly failed to apprise defendant of his *Jaworski* rights at the plea proceedings.

For similar reasons, in contrast to the prosecutor and the district court, we cannot excuse the district court's failure in this respect as merely an unimportant technical defect that does not entitle defendant to relief. The requirement that the court personally address the defendant on the record regarding the waiver of trial rights is not a meaningless formality. Rather, the court's obligation to assume the principal role of imparting the required information is a central component of the plea taking process, and it serves a number of important purposes. See *In re Guilty Plea Cases*, 395 Mich at 114. It preserves the integrity the process by which pleas are offered and creates a clear record for appellate review, it provides the trial court with an opportunity to observe defendant's demeanor and response to the imparted information thereby facilitating the trial court's assessment of defendant's understanding, and it serves to impress upon a defendant the gravity and import of his plea at "the solemn moment of passage from presumed innocence to conviction." *Id.* at 114, 120-122; *Jaworski*, 387 Mich at 31; *Napier*, 69 Mich App at 48-49. As more fully articulated by *In re Guilty Plea Cases*, 395 Mich at 114:

> That a defendant may have been tried by a jury in another case or learned of his rights in an earlier plea-taking proceeding would no more negate his right to be informed of the right to and incidents of a trial at the time a plea of guilty is offered than would proof that he had seen Perry Mason on television or read Erle Stanley Gardner.

> Many defendants have been made aware at one time or another of the right to and incidents of a trial and the consequences of a plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule.

In this solemn context, a written advice of rights on its own—signed by a defendant off the record, outside of the court's presence, and unreferenced by the court, or anyone else, during the plea hearing—cannot satisfy, substantially or otherwise, a trial court's obligation under MCR 6.610(E)(4) to ensure that defendant's plea is understandingly and voluntarily made with knowledge of his or her *Jaworski* rights. Thus, even when a written advice of rights form has been signed by a defendant, there cannot be a total omission of any reference during the in-court proceedings to either the enumerated rights in question or the form itself signed by defendant off the record.[9] See *Saffold*, 465 Mich at 280. Moreover, when the rights implicated by these

---

[9] We do not hold that literal compliance with MCR 6.610(E)(4) is required. That is, we do not suggest that there is a talismanic wording that is required in the in-court waiver colloquy with a

procedures include a defendant's *Jaworski* rights, a defendant is automatically entitled to set aside his or her plea when reference to those rights, either through express enumeration of those rights or reference to the written document, is omitted from the in-court plea proceedings. See *Saffold*, 465 Mich at 273-274, 281; *Jaworski*, 387 Mich at 31; *People v Lee*, 112 Mich App 194, 195-196; 315 NW2d 896 (1982).

Consequently, in this case, because the district court failed to substantially comply with the court rules and the deviation in question implicated defendant's *Jaworski* rights, defendant was automatically entitled to set aside his plea. The district court therefore abused its discretion by denying defendant's motion to set aside his plea. For this reason, we affirm the circuit court's order reversing the district court and remanding for a trial.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Stephen L. Borrello

---

defendant. See *Saffold*, 465 Mich at 280. Rather, the personal address requirement can be substantially complied with in a number of ways, provided that there is a discussion of a defendant's rights—or discussion of the signed advice of rights form—at any point during the in-court proceedings, even by someone other than the trial court. See *id.*; *In re Guilty Plea Cases*, 395 Mich at 114, 124. For example, it might satisfy the court rule if, in the presence of the trial court and defendant, the prosecutor or defense attorney made reference to the fact that defendant previously signed a form advising him of his rights. See *In re Guilty Plea Cases*, 395 Mich at 114.